## 70242. CANNON v. THE STATE.
(334 SE2d 342)

CARLEY, Judge.

Appellant appeals from the denial of his motion for an out-of-time appeal. In January of 1980, appellant was convicted of kidnapping, rape and two counts of aggravated sodomy. In February of 1980, a timely motion for new trial was filed. In July of 1980, the motion for new trial was denied. No timely notice of appeal was thereafter filed. According to appellant's counsel, he did not discover until January of 1983 that the motion for new trial had been denied. The failure of counsel to make that discovery earlier was attributed by him to the manner in which the order had been filed by the clerk's office. However, it was not until November of 1984, some twenty-two months after the discovery, that appellant instituted the instant proceeding for an out-of-time appeal. The trial court, after conducting a hearing on appellant's motion, denied it.

In *Evitts v. Lucey*, ___ U. S. ___ (105 SC 830, 84 LE2d 841) (1985), the Supreme Court of the United States held that due process is violated if a criminal defendant's first appeal of right is dismissed for procedural deficiencies attributable to the ineffective assistance of his counsel. Although the *Evitts* decision establishes a rule of constitutional dimension, the State of Georgia has long recognized the right to effective assistance of counsel on appeal from a criminal conviction and has provided for ameliorative relief in the form of an out-of-time appeal. "An attorney who through negligence, ignorance, or misinterpretation of the law . . . , fails to perform routine duties resulting in a dismissal of his client's appeal, thereby denying such client a right of review after conviction cannot be said to be rendering effective assistance. . . . [T]he appellant [who] was indeed denied effective as-

sistance of counsel in attempting to appeal his conviction . . . [shall] be allowed, if he so desires, to file an out of time appeal to the proper appellate court. . . ." *McAuliffe v. Rutledge*, 231 Ga. 745, 746 (204 SE2d 141) (1974) (cited in *Evitts v. Lucey*, supra at fn. 9). Accordingly, we do not construe the *Evitts* decision as necessitating an analytical departure in the instant case from the established law of this State. See *Cunningham v. State*, 232 Ga. 416 (207 SE2d 48) (1974). "[W]here the right of appeal is lost because of counsel's conduct, granting of an out-of-time appeal is appropriate. [Cit.]" *Harper v. State*, 154 Ga. App. 550, 551 (269 SE2d 56) (1980).

An out-of-time appeal is not authorized, however, in every criminal case which involves a failure by counsel to follow the applicable procedure necessary to secure appellate review. "A person convicted of a crime in a trial court in this state . . . must pursue applicable statutory requirements. A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court." *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640) (1976). An out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights. *Henry v. Hopper*, 235 Ga. 196 (219 SE2d 119) (1975).

From the foregoing, it is clear that disposition of a motion for an out-of-time appeal requires a determination of who bears the ultimate responsibility for the failure to file a timely appeal, the attorney or the client. After a review of the order in the instant case, we are unable to conclude that this dispositive issue has been adequately addressed. It appears that the trial court denied appellant's motion solely for the reason that "generally the client is bound by the actions of his counsel in his behalf." While this may be the general rule, if, as discussed above, those actions by counsel constitute ineffective assistance resulting in the loss of the right to appeal, then a client who did not contribute to that loss will *not* be bound. The trial court's order in the instant case states there had been *no* showing that appellant had fired his counsel between the time of trial and the time that the motion for new trial had been denied. The order only states that "*[i]f* [appellant] did discharge [counsel] within appeal time after entry of the court's order, the [appellant] is not blameless." (Emphasis supplied.) If appellant did *not* fire counsel during the applicable period, and under the circumstances presented, the failure to file a timely notice of appeal or an earlier motion for an out-of-time appeal was otherwise the proximate result of the ineffective assistance of retained counsel rather than of appellant's own conduct, the motion for an

out-of-time appeal should have been granted. See *McAuliffe v. Rutledge*, supra. Compare *Henry v. Hopper*, supra.

The trial court's order fails to reveal a specific determination as to whether the right to appeal was lost as the result of ineffective assistance of counsel or of appellant's own conduct. Under the circumstances, we vacate that order and remand with direction that a new hearing be conducted on appellant's motion and a new order be entered in accordance with this opinion.

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Albert F. Burkhalter, Jr., Harvey C. Brown, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney, Deborah D. Haygood, Assistant District Attorney*, for appellee.