A95A2726. RANDOLPH v. THE STATE.
(470 SE2d 300)

RUFFIN, Judge.

Keldin Randolph was convicted of two counts of selling cocaine and was sentenced to life imprisonment. Neither a motion for new trial nor a timely appeal was filed, and Randolph now appeals the trial court's denial of his motion for an out-of-time appeal. Because we find that the trial court erred in denying Randolph's motion for an out-of-time appeal, we reverse.

On August 16, 1994, Randolph was convicted by a jury in Hall County Superior Court of two counts of selling cocaine. OCGA § 16-13-30 (b). Two years earlier, he had pled guilty to possession with intent to distribute cocaine. OCGA § 16-13-30 (b). Although the plea was entered under the First Offender Act, defendant did not successfully complete that program and was adjudicated guilty of the first crime two months before his trial on the current charges. Because of the first offense, Randolph was automatically sentenced to life in prison. OCGA § 16-13-30 (d). The two life sentences were made to run concurrently.

1. Randolph contends that after sentencing he asked his attorney whether he would be handling the appeal, and the attorney stated he would be in touch with Randolph. Randolph argues that because the attorney never contacted him and was unresponsive to inquiries from his mother regarding the appeal, the trial court erred in denying his motion for out-of-time appeal. The record shows that at the conclusion of Randolph's trial, the court informed him that he had the right to appeal and that if he was indigent, an attorney would be appointed for him for the appeal. The court then instructed Randolph that he "must make application with Miss Hooper in Pretrial Release for the appointment of counsel . . ." and that he had to make application for appointment of counsel "if you want counsel to assist you with an appeal." The court advised that there were time limits but did not state what they were and only cautioned defendant to make applica-

tion "immediately and without . . . delay." Whereupon, Randolph was remanded to the custody of the sheriff.

However, Randolph did not make such application. He explained, proceeding pro se at his habeas corpus hearing on June 12, 1995, that he did not do so after he was sentenced because "the court was having another case, and I didn't have a chance to get in touch with pretrial release, because when I got back to the county jail, it was around four-thirty to five o'clock, and that office was closed, and I was shipped out, back to Bostick CI the next day, on August 17th." We note that proceeding pro se, Randolph had previously moved the trial court for his trial transcript, court records, and permission to proceed in forma pauperis, but these were never acted on. Neither was his motion for appointment of counsel acted on when he sought an out-of-time appeal after being denied habeas corpus relief.

After the court which held the habeas corpus hearing ruled that Randolph had not been denied the effective assistance of counsel, Randolph returned to the Macon Correctional Institution and moved the trial court for an out-of-time appeal. The motion was filed in the clerk's office on July 12, the same day as the trial court's order on the motion. The court, "having considered the defendant's motion and the allegations contained therein," denied the motion.

There is nothing in the record to indicate that the court reviewed the habeas transcript of the hearing on June 12, which transcript was certified by the court reporter in Macon County on July 2. In fact, the transcript was not filed in the criminal trial court until January 18, 1996, after Randolph's appeal was docketed in this Court, and the trial court clerk transmitted it to this Court upon receiving it. Finally, Randolph's notice of appeal from the denial of his motion for an out-of-time appeal was timely filed.

We review the record as it was before the trial court when it made the ruling of which an appellant complains, since our function is to correct errors of law, if any, made by the trial court. *Minton v. State,* 205 Ga. App. 430, 432 (3) (422 SE2d 300) (1992); *Allen v. Bergman,* 201 Ga. App. 781, 782 (3) (b), 784 (412 SE2d 549) (1991). See generally *Harp v. State,* 204 Ga. App. 527 (1) (420 SE2d 6) (1992). Thus, the habeas corpus transcript does not figure in resolving the issues in this appeal.

In Randolph's motion for an out-of-time appeal, he alleges that he advised counsel at trial of his desire to appeal, that he never intentionally and intelligently waived his right to appeal, and that his trial counsel left him with the thought that his appeal was being initiated in a proper and timely manner. He asserts that the failure to file a timely appeal was not due to any negligence on his part and that he wishes to exercise his right to appeal.

Randolph was 26 years old at the time he was given two

sentences of life in prison. Considering the magnitude of this event and the allegations contained in his motion, we find that it was error to deny it out of hand, without further inquiry or hearing. *Hasty v. State*, 213 Ga. App. 731 (445 SE2d 836) (1994); see *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985). This case should be reversed and remanded to the trial court to do so, in order that Randolph not be deprived of his right to appeal contrary to law. OCGA §§ 5-6-33 and 5-6-34; see *Rowland v. State*, 264 Ga. 872, 874 (2) (452 SE2d 756) (1995); see also *Pope v. State*, 257 Ga. 32, 34 (2) (a) (354 SE2d 429) (1987); *Webb v. State*, 254 Ga. 130 (327 SE2d 224) (1985). See generally *Douglas v. California*, 372 U. S. 353 (83 SC 814, 9. LE2d 811) (1963). Whether defendant forfeited his right to appeal from his conviction must be decided by the trial court.

2. Citing *Cochran v. State*, 253 Ga. 10 (315 SE2d 653) (1984), Randolph contends the trial court erred in denying his motion because the court never advised him of the danger of proceeding without an attorney and because he did not knowingly waive his right to appeal. But *Cochran* addresses the court's duty when a defendant in a criminal proceeding states to the court that he wishes to pursue his appeal pro se and holds that the defendant cannot exercise his right to do so unless it is shown that he adequately waived his right to counsel and was made aware of the danger in proceeding pro se. Id. As Randolph does not argue that he informed the trial court that he desired to proceed pro se, the requirements set forth in *Cochran* are inapplicable to this case. See also *Murphy v. Balkcom*, 245 Ga. 13 (262 SE2d 784) (1980), in which our Supreme Court held that there is no constitutional requirement that "the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review." Id. at 14. Furthermore, the transcript demonstrates that Randolph was advised by the trial court that he had the right to appeal and that if he was indigent, an attorney for the appeal would be appointed for him. See *Bell v. Hopper*, 237 Ga. 810 (229 SE2d 658) (1976). Thus, this enumeration of error is without merit.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 15, 1996.

Keldin Randolph, *pro se.*

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney,* for appellee.