A97A1012. HAYNES v. THE STATE.
(488 SE2d 119)

Judge Harold R. Banke.

In September 1995, Darren P. Haynes was convicted of voluntary manslaughter, aggravated assault, and possession of a firearm during the commission of a felony. On October 10, 1995, he received a twenty-year sentence on the former two charges and five consecutive years on the firearm charge, with fifteen to serve. No motion for new trial or timely notice of appeal was filed. In his pro se appeal, Haynes challenges the trial court's failure to hold a hearing on his motion for out-of-time appeal.

Haynes filed the pro se motion on September 10, 1996, a year after his conviction, alleging that appointed trial counsel was ineffective for refusing his request to appeal his conviction. Haynes sought a hearing to determine whether counsel's ineffectiveness deprived him of his right to appeal. In his motion, he admitted that at sentencing trial counsel "convinced him that if he were to seek an appeal, the District Attorney would retry him and he'd be given a life sentence for murder." Several days after sentencing, trial counsel sent Haynes a letter confirming that he would not appeal the conviction because retrial could result in a murder conviction and a more severe sentence.

The trial court denied the motion for out-of-time appeal without a hearing, finding that Haynes acquiesced in waiting for sentencing before deciding whether to appeal. Without making any specific fac-

tual findings, the court determined that Haynes' conduct, not trial counsel's, led to the untimeliness of the appeal. *Held*:

" 'Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights.' " (Citations omitted.) *Franz v. State*, 208 Ga. App. 677, 678 (2) (432 SE2d 554) (1993). " '[T]he right to appeal is violated when the appointed lawyer deliberately [forgoes] the direct appeal without first obtaining his client's consent. . . .' [Cit.]" *Moore v. State*, 176 Ga. App. 882, 883 (339 SE2d 271) (1985). Such action constitutes ineffectiveness. *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985). "A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal." *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995). However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. *Cannon*, 175 Ga. App. at 742.

The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Id. After a review of the record, we cannot conclude that this dispositive issue has been adequately addressed. Id.

There is no showing on the record that Haynes was informed of his right to appeal, his right to appointed appellate counsel, or the time constraints involved. While Haynes' post-trial filings make it clear that he knew of his right to appeal, the record contains no such assurance regarding his knowledge of his right to appellate counsel. His alleged threats when trial counsel refused to initiate an appeal bolster the view that he did not. Haynes' admission that at sentencing he decided to forgo an appeal is not dispositive because the time to file a notice of appeal had only begun to run at that point. OCGA § 5-6-38 (a); see *Lane v. State*, 263 Ga. 517 (1) (436 SE2d 9) (1993) (statutory time period runs from entry of judgment and sentence). Trial counsel's subsequent letter emphasizing his refusal to initiate an appeal appears to be a response to Haynes' resistance to that fact. We find nothing in the record as it currently stands to support the trial court's summary conclusion that the failure to timely appeal was due to Haynes' conduct. *Taylor v. State*, 266 Ga. 129 (464 SE2d 385) (1996) (clear error standard of review); compare *Franz*, 208 Ga. App. at 678 (delay properly attributable to appellant where he was informed on the record of his rights on appeal and he failed to seek other counsel when trial counsel refused to appeal). Accordingly, we find it was error to deny Haynes' motion out of hand, without further inquiry or hearing. *Randolph v. State*, 220 Ga. App. 769, 771 (1) (470

SE2d 300) (1996). The trial court's November 11, 1996 order denying Haynes' motion for out-of-time appeal must be vacated and the case remanded for a determination of whether Haynes was informed of his right to appeal and his right to post-judgment assistance from court-appointed counsel. *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994).

*Judgment reversed and remanded with direction. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JUNE 25, 1997.

Darren P. Haynes, *pro se.*
*James R. Osborne, District Attorney*, for appellee.