## A99A0500. EISELE v. THE STATE.
### (519 SE2d 9)

RUFFIN, Judge.

On March 13, 1998, a jury found Klaus Eisele guilty of theft by taking property in excess of $500. On March 20, 1998, the trial court sentenced Eisele to five years probation. On April 21, 1998, Eisele filed a motion for new trial which was untimely pursuant to OCGA § 5-5-40 (a),[1] and on June 12, 1998, Eisele filed a request to file an out-of-time motion for new trial. On June 26, 1998, the trial court denied Eisele's request for an out-of-time motion for new trial, finding no good cause was shown for the untimely filing. On July 15, 1998, Eisele filed a motion for permission to file an out-of-time appeal, and on July 23, 1998, the trial court denied that motion. Eisele challenges the trial court's failure to hold a hearing prior to denying his motion for an out-of-time appeal. Because the trial court failed to make a determination regarding who bore the ultimate responsibility for the untimely appeal, we reverse and remand for an evidentiary hearing.

Because the accused enjoys the right to effective assistance of counsel on appeal from a criminal conviction, we "have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights." *Haynes v. State*, 227 Ga. App. 64, 65 (488 SE2d 119) (1997). As we have stated, however,

> a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal.

(Citations and punctuation omitted.) Id. Where the record does not

---

[1] OCGA § 5-5-40 (a) provides that "[a]ll motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict." Because Eisele's motion for new trial was not filed within 30 days after the entry of his sentence, it was untimely. *Howard v. State*, 182 Ga. App. 403, 404 (1) (355 SE2d 772) (1987).

indicate that the trial court adequately addressed this dispositive issue, we will remand for a hearing to consider it. See *Randolph v. State*, 220 Ga. App. 769, 771 (1) (470 SE2d 300) (1996); *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994); *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985).

Eisele argues that the sole reason for the untimeliness of his initial motion for new trial was the negligence of his appellate (and present) counsel. In his motions for out-of-time new trial and out-of-time appeal, Eisele's counsel stated that Eisele retained him on April 10, 1998, ten days before the expiration of the 30-day deadline in which to file a motion for new trial. Counsel stated that he mailed the motion for new trial via certified mail on April 17, 1998. However, the motion for new trial was not filed by the clerk's office until April 21, 1998 — one day too late. On June 26, 1998, the trial court denied Eisele's request for an out-of-time motion for new trial, finding that no good reason was shown for the untimely filing because "Defendant and his counsel knew that the day of sentencing was March 20, 1998." In his motion for an out-of-time appeal, counsel stated that Eisele "in *no way* contributed to the untimeliness of this motion." Without holding a hearing, and without comment, the trial court denied Eisele's motion for filing an out-of-time appeal.

After a review of the record, we conclude that the trial court failed to conduct the requisite inquiry as to who *ultimately* bore the responsibility for the failure to file a timely appeal.[2] Eisele argues that he did not "sleep on his rights," as he timely retained counsel to file an appeal on his behalf. The State concedes that Eisele's "enumeration of error appears to be valid," but argues that the trial court "*could have* determined that [Eisele] contributed to the untimely Motion for New Trial" by not hiring an attorney within a sufficient time before the deadline for filing a motion for new trial or appeal. (Emphasis supplied.) We will not speculate about the trial court's reasoning, however. Since the trial court erred in summarily denying Eisele's motion for an out-of-time appeal, without further inquiry or hearing, we reverse and remand the case for an evidentiary hearing regarding who, in fact, bore the ultimate responsibility for the failure to file a timely appeal.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Andrews, J., concur.*

---

[2] As noted, the trial court did provide an explanation for the denial of Eisele's request to file an out-of-time motion for new trial: that both Eisele and counsel were aware of Eisele's sentencing date. Even if we were to assume that the trial court denied Eisele's motion for out-of-time appeal for the same reason, the trial court still failed to address the issue of whether the late filings were the result of Eisele's conduct.

DECIDED MAY 26, 1999.

*Thomas J. Ford III*, for appellant.

*N. Stanley Gunter, District Attorney, William W. Woody, Assistant District Attorney*, for appellee.