## A00A2116. BRENNAN v. THE STATE.

(544 SE2d 210)

RUFFIN, Judge.

David G. Brennan was convicted in 1992 of two counts of child molestation and one count of aggravated child molestation. On December 28, 1999, Brennan filed a pro se motion for permission to file an out-of-time appeal, alleging that his court-appointed attorney failed to file an appeal after agreeing to do so, failed to respond to Brennan's requests for information regarding the status of the appeal, and abandoned the case without notifying Brennan. Brennan also requested an evidentiary hearing at which he could examine his attorney regarding the failure to file an appeal. The trial court summarily denied the motion for an out-of-time appeal without holding a hearing, stating in a one-sentence order that the motion "fails to state a claim for which relief can be granted." For reasons discussed below, we vacate the trial court's ruling and remand for further consideration.[1]

A defendant may be entitled to an out-of-time appeal if he was deprived of his right to appeal by his attorney's negligence or ignorance, or if he was not adequately informed of his appeal rights.[2] The defendant may, however, "by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights."[3] The disposition of a motion for out-of-time appeal thus turns on the issue of "who ultimately bore the responsibility for the failure to file a timely appeal."[4] "Where the record does not indicate that the trial court adequately addressed this dispositive issue, we will remand for a hearing to consider it."[5]

In this case, the trial court's order does not reflect that the court considered the issue of who bore the ultimate responsibility for failure to file a timely appeal. "We will not speculate about the trial

---

[1] We note that the State's appellate brief is singularly unhelpful, as it fails to offer any meaningful analysis of the relevant issues. In the five-sentence argument section of its brief, the State simply quotes a case for the proposition that a convicted party may forfeit his right to appeal by sleeping on his rights, without addressing whether Brennan did so in this case. The brief then says that "[t]he State also argues that appellant in his . . . request for an evidentiary hearing . . . failed to state a claim for which such relief could be granted," without any discussion of why this might be so. The brief then purports to adopt this "argument" for "each of appellants [sic] remaining enumerations of error." "We do not believe that this 'argument' satisfactorily discharges the State's duty to file a response brief in all criminal appeals, as required by Court of Appeals Rule 13." *Williams v. State*, 245 Ga. App. 259, 261, n. 1 (537 SE2d 125) (2000).

[2] See *Eisele v. State*, 238 Ga. App. 289 (519 SE2d 9) (1999).

[3] (Punctuation omitted.) Id.

[4] (Emphasis omitted.) Id. at 290.

[5] Id. at 289-290. See also *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000); *Randolph v. State*, 220 Ga. App. 769, 771 (1) (470 SE2d 300) (1996).

court's reasoning,"[6] particularly since it has failed to hold an evidentiary hearing on the matter. We cannot determine from the record exactly when Brennan first learned that no appeal had been filed on his behalf, so we cannot say whether he "slept on his rights" for an unreasonable period of time before filing his motion for an out-of-time appeal.[7] Under these circumstances, the trial court's summary denial of the motion must be vacated and this case remanded for an evidentiary hearing on the motion.[8]

Because of our decision above, it is not necessary to discuss Brennan's remaining enumerations.[9]

*Judgment vacated and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 10, 2001.

David G. Brennan, *pro se*.

*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.

---

[6] *Eisele*, supra at 290. The fact that a defendant does not request an out-of-time appeal until several years after his conviction does not necessarily mean that he has forfeited his right to appeal. See *Barnes*, supra (more than six-year delay); *Clayton v. State*, 228 Ga. App. 874 (492 SE2d 894) (1997) (two-year delay).

[7] See *Burroughs v. State*, 239 Ga. App. 600, 601 (1) (521 SE2d 652) (1999) (noting that defendant "waited an additional two years [after learning that no appeal had been filed] before filing the motion for an out-of-time appeal").

[8] See *Barnes*, supra; *Eisele*, supra.

[9] Although Brennan complains of the trial court's denial of his request for a free transcript, he admits that he ultimately obtained a transcript before filing his motion for an out-of-time appeal. See *Gay v. State*, 143 Ga. App. 857, 858 (3) (240 SE2d 226) (1977) (defendant who has access to transcript cannot complain of prejudice resulting from lack of transcript). We also note that, in another enumeration, Brennan appears to claim that the judge who presided over his original trial erred in failing to recuse itself from a separate civil case. This enumeration raises no issue relevant to this criminal case.