A01A2426. SMITH v. THE STATE.

(556 SE2d 527)

</div>

RUFFIN, Judge.

In January 2001, Thomas J. Smith filed a motion for an out-of-time appeal. The trial court denied the motion, and this appeal ensued. For reasons that follow, we reverse the trial court's ruling and remand for further consideration.

It is well settled that "[a] defendant may be entitled to an out-of-time appeal if he was deprived of his right to appeal by his attorney's negligence or ignorance, or if he was not adequately informed of his appeal rights."[1] Nevertheless, a defendant may,

> by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. The disposition of a motion for out-of-time appeal thus turns on the issue of who ultimately bore the responsibility for the failure to file a timely appeal. Where the record does not indicate that the trial court adequately addressed this dispositive issue, we will remand for a hearing to consider it.[2]

Here, the trial court determined that Smith was not entitled to an out-of-time appeal because he "already had his appeal considered

---

[9] See, e.g., *London v. State,* 235 Ga. App. 30, 33 (2) (508 SE2d 247) (1998).

[1] *Brennan v. State,* 247 Ga. App. 515 (544 SE2d 210) (2001).

[2] (Punctuation and footnotes omitted.) Id.

by the Court of Appeals." However, this Court dismissed Smith's appeal because it was not timely filed and, thus, never reached the merits. Accordingly, the issue remains as to whether Smith is entitled to an out-of-time appeal. The trial court never conducted an evidentiary hearing to address this issue, and we are unable to ascertain who bore the ultimate responsibility for failing to file a timely appeal. Under these circumstances, we must vacate the trial court's order denying Smith's motion and remand the case for an evidentiary hearing on his motion.[3] Indeed, the State concedes that Smith is entitled to such hearing.

*Judgment reversed and remanded with direction. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 15, 2001.

*John M. Daley*, for appellant.
*Fred R. Simpson, District Attorney, Charles S. Cox, Assistant District Attorney*, for appellee.