## A02A1116. BRYANT v. THE STATE.
(570 SE2d 422)

BARNES, Judge.

Earnest Leon Bryant appeals the denial of his motion for an out-of-time appeal. Following a jury trial and proceeding pro se, Bryant was convicted in October 1995 of one count of trafficking in cocaine,

two counts of violating the Georgia Controlled Substances Act for possession of cocaine and marijuana, and driving without a license. During trial he elected not to enter a plea, asserting instead that he was appearing specially "in propria persona, sui juris, not pro se, as a natural person and common law citizen, under threat and duress, to challenge the jurisdiction of this court." The court entered not guilty pleas on all counts on Bryant's behalf, to which Bryant objected. Bryant was thereafter advised of his right to appointed counsel, right against self-incrimination, right to remain silent, and other rights at trial. When asked if he understood these rights, Bryant said he did not and continued to challenge the trial court's jurisdiction. Bryant refused to sit at counsel table during the proceedings, choosing instead to sit on the front row of the courtroom benches.[1] Although Bryant refused counsel, the court instructed appointed counsel to sit in the courtroom during the trial to offer any needed assistance. At the close of State's evidence, Bryant elected neither to present any evidence nor to testify. He did, however, make a closing argument in which he again maintained that the trial court lacked jurisdiction.

A verdict of guilty on all four counts was entered on October 24, 1995, and Bryant, through retained counsel, filed a timely motion for new trial. The motion for new trial hearing was set for January 22, 1996, and at that time Bryant's retained counsel withdrew and the hearing was continued. A public defender was thereafter appointed to represent Bryant and a new hearing date was scheduled for February 14, 1996. On February 8, 1996, appointed counsel filed an amended motion for new trial, and the hearing on the motion was held on February 14, 1996. At that hearing Bryant refused to be represented by appointed counsel and asked the trial court for a continuance so that he could retain counsel. The court refused to grant the continuance and thereafter directed Bryant to proceed, instructing appointed counsel to stay during the hearing to offer Bryant any needed assistance. Bryant refused to proceed, and the trial court, following a review of the record and pleadings, denied the motion for new trial on the merits and advised Bryant of his right to appeal within 30 days. No appeal was filed.

On December 8, 1997, Bryant, through retained counsel, filed a habeas corpus petition seeking permission to file an out-of-time appeal of his October 1995 conviction. On April 30, 1998, Bryant was granted an out-of-time appeal which he did not pursue until November 19, 2001, when, proceeding pro se, he filed a "Motion to Invoke Appeal and for the Court to Appoint an Appellant Counsel in a Crim-

---

[1] The trial court ordered a psychological evaluation for Bryant, but Bryant refused to cooperate at the time of the evaluation.

inal Proceeding." In his motion, Bryant claimed, among other things, that he was incompetent to stand trial, that he was not represented by counsel at his preliminary hearing, and ineffective assistance of counsel. The thrust of the motion clearly sought relief which was not available in appellate proceedings. The trial court denied the motion, and this appeal was timely filed.

The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion. *Dover v. State*, 237 Ga. App. 797, 798 (516 SE2d 839) (1999). Whether Bryant was entitled to an out-of-time appeal was a factual determination for the trial court to make based on the circumstances surrounding the appeal. See *Randolph v. State*, 220 Ga. App. 769, 771 (1) (470 SE2d 300) (1996). A convicted party can forfeit his appeal, by his own conduct or by his conduct in concert with that of his attorney.

> If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court. An out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights.

(Citations and punctuation omitted.) *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985); *Haynes v. State*, 227 Ga. App. 64, 65 (488 SE2d 119) (1997).

Here, Bryant argues that his retained counsel failed to pursue his appeal following the April 30, 1998 grant of his out-of-time appeal. He asserts that although counsel was fully compensated she "declined to [pursue the appeal], without substantial justification." Curiously, Bryant also maintains that he filed the November 19, 2001 motion for an out-of-time appeal only after "Appellant nor the Appellant's family heard nothing from Attorney Christine A. Van Dross, whom was to be filing the Appellants appeal."

While Bryant argues that the trial court erred in not conducting an evidentiary hearing to ascertain who bore the ultimate responsibility for failing to file a timely appeal, given the facts of this case, we do not agree that the trial court's failure to conduct a hearing was fatal. From our review of the record, it is evident that Bryant by his own conduct has slept on his rights. Compare *Eisele v. State*, 238 Ga. App. 289 (519 SE2d 9) (1999).

Given Bryant's numerous attempts to delay trial proceedings, uncooperative behavior, repeated acceptance and rejection of

144

appointed and retained counsel, and failure to pursue his appeal until over three years later, we find that the trial court did not abuse its discretion in denying Bryant's motion for an out-of-time appeal. See *Taylor v. State*, 251 Ga. App. 769 (555 SE2d 135) (2001).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 22, 2002.

Earnest L. Bryant, *pro se.*

J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney, for appellee.