## S02A1332. CAIN v. THE STATE.
(573 SE2d 46)

HUNSTEIN, Justice.

Marvin Cain appeals from the denial of his motion for an out of time appeal from his murder conviction. Finding that the document Cain filed constituted the "functional equivalent" of a timely-filed notice of appeal, we reverse the trial court and remand the case with direction that Cain be allowed to proceed with his direct appeal.

Cain was convicted of malice murder on May 20, 1997. He timely filed a motion for new trial, which the trial court orally denied at a hearing on December 17, 1999. The record reveals that the written order denying the motion for new trial has two filing date stamps on it. One stamp, dated April 4, 2000 with the wording "Rec in Crim 4-10" handwritten underneath, has an "X" marked over it. The other stamp reflects the correct filing date and establishes that the order was actually filed April 10, 2000.[1]

Operating under the mistaken belief that the order denying the motion for new trial was rendered on "April 4," Cain's counsel filed a document that was denominated a "motion to allow an out of time appeal." This document was filed on May 10, 2000, 30 days from the actual filing date of the order appealed from. Accordingly, the document was filed within the statutory period for filing a timely notice of appeal. See OCGA § 5-6-38. Cain stated in the document his desire that "his appeal go forward"; the document noted that counsel for the State consented to the out of time appeal. The trial court denied Cain's motion for an out of time appeal without explanation nearly two years later.

Timely filing of a notice of appeal is a jurisdictional requisite. *Veasley v. State,* 272 Ga. 837 (1) (537 SE2d 42) (2000). Cain's May 10 document was filed with the Fulton County Superior Court Clerk's

---

[1] Although the April 10 date stamp appears to have a line drawn through it, a closer examination reveals that the line is part of the signature of the deputy clerk of court handwritten under the date.

Office within the 30-day period set forth in OCGA § 5-6-38 for the filing of a notice of appeal. The document set forth the title and docket number of the case; the name of the appealing party and the fact that Cain had been convicted of criminal offenses contained within the indictment; the name and address of his attorney; and a concise statement that Cain desired to appeal from the denial of his motion for a new trial (albeit referencing the April 4 incorrect stamp date of the order). Thus, the document, which was served on the State, undeniably evinced Cain's intent to seek appellate review and gave notice to the State of that intent. Although the document does not contain several minor matters set forth in OCGA § 5-6-37, the omission of those matters is not jurisdictional and they are capable of being cured by amendment. See *American Oil Co. v. McCluskey*, 116 Ga. App. 706 (158 SE2d 431) (1967), rev'd on other grounds, 224 Ga. 253 (161 SE2d 271) (1968) (transmittal of the record curable by amendment). See also Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (8) (jurisdiction over appeals from murder convictions exclusively in the Supreme Court of Georgia).

The United States Supreme Court, in interpreting Rule 3 (c) of the Federal Rules of Appellate Procedure regarding the filing of a notice of appeal, has addressed the issue of documents timely filed by parties that are not properly designated as notices of appeal. That Court has held that "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Torres v. Oakland Scavenger Co.*, 487 U. S. 312, 316-317 (108 SC 2405, 101 LE2d 285) (1988). In *Smith v. Barry*, 502 U. S. 244 (112 SC 678, 116 LE2d 678) (1992), the U. S. Supreme Court applied this "functional equivalent" concept to find that an inmate complied with Rule 3 (c) regarding the filing of a notice of appeal when the inmate timely filed a "briefing form" used by the Fourth Circuit to determine appointment of counsel and oral argument issues for pro se parties. The U. S. Supreme Court determined that because the "brief" indicated the litigant's intent to seek appellate review and provided sufficient notice to opposing parties and the court, it was effective as a notice of appeal. Id. at 248. The *Smith* Court held that "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." Id. at 248-249. The Federal Circuit Courts of Appeal have applied the "functional equivalent" rule from *Smith* and *Torres* for over a decade, all without any apparent difficulty, and several sister states have followed suit. See, e.g., *United States v. Dowell*, 257 F3d 694 (II) (A) (7th Cir. 2001); *United States v. Smith*, 182 F3d 733 (I) (10th Cir. 1999); *Harris v. United States*, 170 F3d 607 (6th Cir. 1999); *Harris v. Bal-*

*lard*, 158 F3d 1164, 1166, n. 1 (11th Cir. 1998); *Barrett v. United States*, 105 F3d 793 (2nd Cir. 1996); *United States v. Carson*, 969 F2d 1480, 1486, n. 2 (3rd Cir. 1992); *McLin v. Alabama*, 2002 Ala. Crim. App. LEXIS 106 (I) (2002); *Von Ramm v. Von Ramm*, 392 SE2d 422 (N.C. App. 1990). See also 20 Moore's Federal Practice, § 303.21[2] (3d ed.); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d, §§ 3949.4, 3949.6.

The "functional equivalent" concept is consistent with Georgia law that pleadings should be liberally construed so as to bring about a decision on the merits and to avoid dismissal of cases. See OCGA § 5-6-30; *Grantham v. State*, 244 Ga. 775 (262 SE2d 777) (1979). It is also consonant with our case law recognizing that the courts are not bound by the designation given motions by the parties and that we look to substance over nomenclature. E.g., *Thompson v. State*, 274 Ga. 818 (559 SE2d 730) (2002); *State v. Bell*, 274 Ga. 719 (1) (559 SE2d 477) (2002); *Birt v. State*, 256 Ga. 483 (3) (350 SE2d 241) (1986). See also OCGA § 5-6-48 (f). Although Cain in this case clearly intended to file a motion for out of time appeal, not a notice of appeal, we are persuaded by the United States Supreme Court's opinion in *Smith v. Barry*, supra, 502 U. S. at 248-249 that when a document evinces a litigant's intent to seek appellate review, the litigant's motivation in filing the document is immaterial so long as the filing provides sufficient notice to other parties and the court of the litigant's intent to appeal. See also *McMillan v. Barksdale*, 823 F2d 981, 983 (6th Cir. 1987) (although Rule 3 suggests a form to be followed, "there is no magic document called a Notice of Appeal").

Accordingly, we hold that Cain's motion for out of time appeal should be deemed the functional equivalent of a notice of appeal from the April 10, 1999 denial of his motion for a new trial. We reverse the trial court's ruling and remand the case to the trial court with direction to treat Cain's motion as a timely notice of appeal and to proceed accordingly.

*Judgment reversed and remanded. All the Justices concur, except Carley, Thompson and Hines, JJ., who dissent.*

CARLEY, Justice, dissenting.

Because Cain was convicted by a jury, he had an absolute right to file a timely direct appeal. *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Compare *Wheeler v. State*, 269 Ga. 547 (499 SE2d 629) (1998) (guilty plea); *Syms v. State*, 240 Ga. App. 440 (1) (523 SE2d 42) (1999) (guilty plea). However, he did not do so. Instead, he filed a motion for an out-of-time appeal which was untimely because it was premature. According to the majority, "Cain's motion for out of time appeal should be deemed as the functional equivalent of a notice of appeal. . . ." Majority opinion, p. 786. In my opinion, this "functional

equivalent" concept is a fiction which is fundamentally inconsistent with the mandate of Georgia law. " ' "The *proper and timely* filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." (Cit.)' [Cit.]" (Emphasis supplied in part and in original in part.) *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Appellant did not file a "proper and timely" notice of appeal, but, instead, he filed an untimely motion for an out-of-time appeal. Thus, he did not satisfy the "absolute requirement" for invoking a direct appellate review of his conviction. Under these circumstances, I believe that the dispositive issue is whether Appellant is entitled to a proper consideration of the motion for an out-of-time appeal even though it was filed too early.

Cain's motion for an out-of-time appeal was untimely because it was premature and not because it was late. He filed it during the 30-day period within which he could have filed a notice of direct appeal. "[A]n out-of-time appeal is the remedy for a frustrated right of appeal . . . ." *Rowland v. State*, supra at 875 (2). However, the prematurity of the motion does not adversely affect its validity. See *Gillen v. Bostick*, 234 Ga. 308, 309 (1) (215 SE2d 676) (1975). " '[P]remature filing is not a ground of dismissal in criminal cases, at least insofar as a criminal defendant is concerned. . . .' [Cits.]" *Betha v. State*, 208 Ga. App. 802, 803 (432 SE2d 242) (1993). Thus, Appellant's motion became viable 31 days after April 10, 2000, and a denial must be based upon its lack of merit, rather than its untimeliness.

It is clear that the denial of a motion for an out-of-time appeal "requires a determination of who bears the ultimate responsibility for the failure to file a timely appeal, the attorney or the client." *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985). Compare *Johnson v. State*, 182 Ga. App. 477 (1) (356 SE2d 101) (1987) (trial court authorized to *grant* motion even though counsel not responsible for loss of right to appeal). The majority concedes that the trial court did not explain why it denied Cain's motion. Thus, here, as in *Cannon v. State*, supra at 743, "[t]he trial court's order fails to reveal a specific determination as to whether the right to appeal was lost as the result of ineffective assistance of counsel or of [A]ppellant's own conduct."

Under these circumstances, the proper disposition of this case is not, as the majority holds, a reversal and remand with direction that Cain be allowed to proceed pursuant to the "functional equivalent" of a timely filed notice of appeal. Instead, the correct resolution is to vacate the trial court's insufficient order and to remand the case with direction that a new hearing be conducted and a new order entered which addresses the merits of the motion for an out-of-time appeal. See *Barnes v. State*, 243 Ga. App. 703 (534 SE2d 440) (2000); *Eisele v. State*, 238 Ga. App. 289 (519 SE2d 9) (1999); *Haynes v. State*, 227 Ga.

App. 64 (488 SE2d 119) (1997); *Randolph v. State*, 220 Ga. App. 769 (1) (470 SE2d 300) (1996); *Hasty v. State*, 213 Ga. App. 731 (445 SE2d 836) (1994); *Evans v. State*, 198 Ga. App. 537 (402 SE2d 131) (1991); *Cannon v. State*, supra at 473. The trial court must determine whether there are "proper reasons" to grant the motion. *Johnson v. State*, supra at 477. One such reason would be if the mistaken filing of an untimely motion for an out-of-time appeal, rather than a proper and timely notice of direct appeal, was attributable to the attorney. "A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. [Cits.]" *Rowland v. State*, supra at 875 (2). I dissent to allowing a direct appeal to proceed other than in accordance with the established procedure for obtaining an out-of-time appeal.

I am authorized to state that Justice Thompson and Justice Hines join in this dissent.

DECIDED NOVEMBER 25, 2002.

*R. Gary Spencer*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.