## A03A0939. SMITH v. THE STATE.
### (587 SE2d 787)

MILLER, Judge.

Convicted of various criminal offenses, Donna Smith filed a motion in arrest of judgment, which the trial court denied as untimely. A year later, she moved the trial court to allow her to file an out-of-time appeal regarding her conviction and the denial of her motion in arrest of judgment. The trial court denied this motion also. She appeals, arguing that the court erred in not holding an evidentiary hearing before denying her motion for out-of-time appeal. We hold that an evidentiary hearing in this instance was not required and therefore affirm.

This is the second reported decision in this matter. See *Smith v. State*, 257 Ga. App. 468 (571 SE2d 446) (2002) ("*Smith I*"). As set forth in *Smith I*, Donna Smith violently confronted an officer while he was investigating an accident in which she had struck a deer with her vehicle. Id. Following a jury trial in October 1998, she was convicted of felony obstruction of an officer, giving a false birth date, and driving with a suspended license. Id.

Acting pro se, Smith filed a motion in arrest of judgment in November 1998, on which motion the court held a hearing on February 13, 2001. *Smith I*, supra, 257 Ga. App. at 468-469. At the hearing, Smith told the court that after sentencing, she purchased and carefully reviewed a treatise on Georgia appellate practice and procedure and was therefore keenly aware of her options, including her right to a direct appeal, to move for a new trial, and to file a motion in arrest of judgment. As a matter of strategy, she decided to file the motion in arrest of judgment only. During the hearing, the court determined that the motion was untimely in that it was not filed in the same term of court as the conviction. See OCGA § 17-9-61 (b). At

---

[7] *Green v. State*, 240 Ga. App. 774, 778 (3) (525 SE2d 154) (1999).

the conclusion of the hearing, the court three times told Smith that her motion was denied and entered a written order to that effect that same day.

Complaining that she did not receive a copy of the written order until the day after the time for appeal had expired, Smith months later moved the trial court to vacate and set aside the order denying her motion in arrest of judgment and to reissue same so she could appeal it timely. The court dismissed the motion to vacate and set aside in February 2002, holding that Smith had received verbal notice of the February 2001 order denying her motion in arrest of judgment (as she was present at the motion in arrest of judgment hearing) and was therefore not entitled to a vacating and reissuing of that order.

Smith appealed the dismissal of her motion to set aside, which was the subject of *Smith I*, supra, 257 Ga. App. at 468-470. In *Smith I*, we held that the motion to vacate and set aside was itself untimely, having been filed well beyond the respective terms of court in which the judgment of conviction and the denial of the motion in arrest of judgment were entered. Id. at 469. Furthermore, we held that the motion to vacate failed on its merits in any case. We reasoned that there was no basis to vacate the denial of the motion in arrest of judgment since that motion itself lacked merit. Our own review of the record revealed no nonamendable defects, which would be the only grounds for granting a motion in arrest of judgment. Id. at 470. Accordingly, in September 2002, we affirmed the dismissal of the motion to vacate. Id.

Meanwhile, in March 2002, Smith had moved the trial court to allow her to file an out-of-time appeal of her conviction and of the order denying the motion in arrest of judgment. She argued again that she did not receive proper written notice of the denial order until the time for appeal had run, thereby precluding her from appealing her conviction and the denial order. In October 2002, the trial court, after a consideration of the full record but with no hearing, denied the motion for an out-of-time appeal. This October 2002 order is the subject matter of the current appeal. Smith argues that the trial court erred (i) in failing to hold an evidentiary hearing on the motion for an out-of-time appeal before denying same, (ii) in denying the motion for an out-of-time appeal, and (iii) in failing to timely give Smith a written copy of the February 2001 order denying the motion in arrest of judgment, thereby depriving her of the right to appeal her conviction.

1. In two enumerations, Smith argues that the trial court should have held an evidentiary hearing on the motion for out-of-time appeal before denying it and should have granted the motion in any

case. We hold, however, that no hearing was required and that the motion failed on its merits.

Fundamental Georgia law recognizes the defendant's right to effective assistance of counsel on appeal from a criminal conviction and permits out-of-time appeals if the defendant was denied her right of appeal through counsel's negligence or ignorance, or if the defendant was not adequately informed of her appeal rights. *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000); see *Eisele v. State*, 238 Ga. App. 289 (519 SE2d 9) (1999). Nevertheless, a convicted party can forfeit her appeal, by her own conduct or by her conduct in concert with that of her attorney, by sleeping on her rights. *Bryant v. State*, 257 Ga. App. 141, 143 (570 SE2d 422) (2002); accord *Eisele*, supra, 238 Ga. App. at 289.

> If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court. An out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights.

(Citations omitted.) *Bryant*, supra, 257 Ga. App. at 143. Thus, "[t]he disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal." (Citation omitted.) *Eisele*, supra, 238 Ga. App. at 289.

Generally, the court should hold an evidentiary hearing to make this determination. See, e.g., *Brennan v. State*, 247 Ga. App. 515 (544 SE2d 210) (2001); *Randolph v. State*, 220 Ga. App. 769, 770-771 (1) (470 SE2d 300) (1996); *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994). However, where the undisputed facts in the record show that the defendant waived or slept on her appellate rights, no hearing is required. *Baker v. State*, 273 Ga. 842, 843 (2) (545 SE2d 879) (2001); *Bryant*, supra, 257 Ga. App. at 143; *Neisler v. State*, 253 Ga. App. 193, 195-196 (2) (556 SE2d 258) (2001). Here the record reflects that Smith had already explained to the court that on her own, she had carefully reviewed the post-judgment options available to her, including the right to a direct appeal. Following sentencing, she had decided as a matter of strategy to pursue a motion in arrest of judgment pro se rather than an immediate direct appeal. Thus, there was no need to inquire further into who was at fault for Smith's failure to file an immediate direct appeal — it was a knowing, strategic decision of Smith alone. Based on the undisputed admissions in

the record before it, the court did not need to conduct an evidentiary hearing on the matter.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion. [Cit.]" *Bryant*, supra, 257 Ga. App. at 143. Based on the above analysis, we hold that the trial court did not abuse its discretion in denying Smith's motion for an out-of-time appeal.

2. In her remaining enumeration, Smith argues that because the court was late in sending her written notice of its ruling on her motion in arrest of judgment, the court denied her the right to appeal her conviction directly. This enumeration fails.

Smith's argument rests on the principle that the filing of a motion in arrest of judgment tolls the time for filing an appeal of the conviction until 30 days after a ruling on the motion. See OCGA § 5-6-38 (a). She reasons that since she received late notice of the ruling on her motion, she no longer had the opportunity to appeal her conviction. However, although a motion in arrest of judgment normally extends the time for filing a direct appeal from a conviction, such is not the case where the motion in arrest of judgment itself was untimely filed. Cf. *Porter v. State*, 271 Ga. 498, 499 (521 SE2d 566) (1999) (untimely motion for new trial does not toll time for filing notice of appeal from conviction under OCGA § 5-6-38 (a)); *Ross v. State*, 259 Ga. App. 246, 247-248 (576 SE2d 633) (2003) (same); *Peters v. State*, 237 Ga. App. 625 (516 SE2d 331) (1999) (same). An untimely post-judgment motion is void and of no effect and does not toll the time for filing the notice of appeal under OCGA § 5-6-38 (a). *Porter*, supra, 271 Ga. at 498; *Peters*, supra, 237 Ga. App. at 625. The reasoning is as follows:

> To allow untimely filed motions, and thereby toll or delay the time for filing a notice of appeal, would violate the provisions of OCGA § 5-6-39 (b), prohibiting extensions of time for filing such motions, as well as ignore the further mandate of OCGA § 5-6-39 (d), that requires within 30 days either the filing of a notice of appeal or the obtaining of an extension of time therefor.

(Citation and punctuation omitted.) *Porter*, supra, 271 Ga. at 498-499.

Here the record reflects that the trial court entered the judgment of conviction on October 15, 1998, and that Smith's motion in arrest of judgment was filed on November 16, 1998. See *Smith I*, supra, 257 Ga. App. at 468. Since the September 1998 term for the Superior Court of Cobb County expired on November 8, 1998 (see OCGA §§ 15-

6-3 (11); 15-6-19), Smith's motion was filed outside the term in which the judgment of conviction was entered and was therefore untimely under OCGA § 17-9-61 (b). See *Orr v. State*, 275 Ga. 141 (562 SE2d 498) (2002). As such, it was null and void and did not toll the time for filing an appeal from Smith's judgment of conviction. Cf. *Porter*, supra, 271 Ga. at 498-499. Therefore, the court's sending Smith an untimely written notice of the ruling on the motion in arrest of judgment did not deny Smith the right to appeal her conviction. That right had been lost years earlier when the motion in arrest of judgment was untimely filed.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 11, 2003 —
RECONSIDERATION DENIED SEPTEMBER 26, 2003 — ▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Donna M. Smith, *pro se.*

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.