ADAMS, Judge.
 

 Roy Lee Dykes appeals from the trial court's denial of his motion for out-of-time appeal filed 16 years after his conviction for financial transaction card fraud. We affirm.
 

 The record shows that on October 24, 1986, Dykes pled guilty to seven counts of financial transaction card fraud. The record contains a plea memorandum signed by Dykes and his counsel, which provides that Dykes would plead guilty to all the charges and that all prior probation would be revoked. The plea agreement provided for ten years confinement on the new financial transaction fraud charges, "leaving it up to the Judge" as to any probation to follow. The memorandum also noted that Dykes would acknowledge other financial transaction fraud charges that were not charged in the accusation. In connection with his plea, Dykes and his trial attorney signed the accusation in the case directly under language reading, "The Defendant ... waives copy of accusation, list of witnesses and being formally arraigned, waives indictment by the Grand Jury of said County, and also waives trial by jury, and pleads guilty." No other documents regarding his guilty plea exist in the record. The clerk of court has certified that no transcript of any plea hearing was ever filed.
 

 Dykes's sentence was reviewed and affirmed by the Superior Court Sentence Review Panel on February 27, 1987. On August 15, 1989, the State Board of Pardon and Paroles issued Dykes a parole certificate, indicating that he would be paroled on the fraud charges on September 1, 1989, with the parole to expire on September 1, 1996. And in June 1991, the board issued Dykes an "Order of Restoration of Civil and Political Rights Commutation" in connection with those charges. Dykes filed his motion for out-of-time appeal on December 31, 2002, and amended his motion to raise additional grounds on January 9, 2003.
 

 Dykes asserts that the trial court erred in denying his motion for out-of-time appeal because his trial counsel was ineffective in failing
 

 **636
 

 to file an appeal as he directed. In addition, he argues that he is entitled to an out-of-time appeal because the trial court failed to establish a factual basis for accepting the plea on the record.
 
 [1]
 

 "An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. It is the remedy for a frustrated right of appeal." (Citations and punctuation omitted.)
 
 Smith v. State
 
 ,
 
 266 Ga. 687
 
 ,
 
 470 S.E.2d 436
 
 (1996). And an out-of-time appeal from a guilty plea is only permissible if the issue raised can be resolved by facts appearing on the record.
 
 Johnson v. State,
 

 275 Ga. 390
 
 , 391,
 
 565 S.E.2d 805
 
 (2002).
 

 *470
 
 The right to an out-of-time appeal may be forfeited, however, if a criminal defendant, by his own conduct or in concert with his counsel, slept on his appellate rights.
 
 Taylor v. State
 
 ,
 
 251 Ga.App. 769
 
 , 770,
 
 555 S.E.2d 135
 
 (2001). Thus, "[t]he disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal."
 
 Id.
 
 Generally, a trial court should conduct an evidentiary hearing before making this determination.
 
 Smith v. State,
 

 263 Ga.App. 414
 
 , 416(1),
 
 587 S.E.2d 787
 
 (2003). But no hearing is required where the undisputed facts in the record show that a defendant waived or slept on his appellate rights. Id.;
 
 Bryant v. State,
 

 257 Ga.App. 141
 
 , 143,
 
 570 S.E.2d 422
 
 (2002).
 

 Here, no hearing was required because the record demonstrates sufficient evidence to conclude that Dykes "by his own conduct has slept on his rights."
 
 Bryant v. State
 
 ,
 
 257 Ga.App. at 143
 
 ,
 
 570 S.E.2d 422
 
 . His action and inaction in this matter belie his bare assertion that he desired an direct appeal, but his attorney failed to file it. Dykes's sentence was the result of a negotiated plea agreement. He received a review of his sentence, and was paroled less than three years later. He then took additional steps to have his civil and political rights restored. But during the intervening 16 years following his conviction, the more than 13 years after he was released from prison and the more than 11 years after his political and civil rights were restored, he took no steps to pursue his appellate rights. Instead, Dykes indicates in his appellate briefs that he is seeking this motion for out-of-time appeal at this point in order to avoid sentencing as a fourth-time recidivist.
 

 While the mere passage of time would not preclude a defendant from pursuing an out-of-time appeal, we find that under the specific facts of this case, including Dykes's efforts to seek other remedies such as the restoration of his civil and political rights, Dykes has
 

 **637
 

 waived this remedy.
 
 [2]
 
 See
 
 Smith v. State,
 

 263 Ga.App. 414
 
 ,
 
 587 S.E.2d 787
 
 (2003) (where record demonstrated defendant's strategic decision to pursue other post-conviction remedies in lieu of appeal);
 
 Bryant v. State,
 

 257 Ga.App. at 143-144
 
 ,
 
 570 S.E.2d 422
 
 (where defendant's behavior both before and after conviction demonstrated that failure to file appeal attributable to defendant);
 
 Burroughs v. State,
 

 239 Ga.App. 600
 
 , 601(1),
 
 521 S.E.2d 652
 
 (1999).
 

 And even now, Dykes is not contending in his substantive argument that he was not fully informed of his rights in entering the plea or that his plea was, in fact, involuntary. Rather, he raises what he characterizes as a procedural argument that the trial court failed to follow established procedures for taking and accepting guilty pleas. The Uniform Superior Court rule requiring a judge to put the factual basis for accepting a guilty plea on the record was effective July 1, 1985. Dykes was sentenced a little over one year later. But we note that the Supreme Court did not hold that this rule was mandatory until 1995.
 
 State v. Evans,
 

 265 Ga. 332
 
 , 333(1),
 
 454 S.E.2d 468
 
 (1995).
 

 Under these circumstances, therefore, we agree with the trial court that the proper forum for Dykes's claims is a habeas corpus proceeding, and thus the trial court did not abuse its discretion in denying the motion.
 

 Judgment affirmed.
 

 ANDREWS, P.J., and BARNES, J., concur.
 

 USCR 33.9 requires that the trial judge make an inquiry on the record as to the factual basis of a guilty plea before entering judgment on the plea. And USCR 33.11 requires that the trial court make and preserve a verbatim record of this inquiry. See also
 
 State v. Evans,
 

 265 Ga. 332
 
 , 334(2),
 
 454 S.E.2d 468
 
 (1995).
 

 The Supreme Court of Georgia has considered the issue of an out-of-time appeal filed as long as 15 years after a conviction.
 
 Morrow v. State
 
 ,
 
 266 Ga. 3
 
 ,
 
 463 S.E.2d 472
 
 (1995).