A04A2257. CARROLL v. THE STATE.
(608 SE2d 533)

JOHNSON, Presiding Judge.

In January 1991, a jury found Eddie Lee Carroll guilty of possession of cocaine and obstruction of a police officer. Carroll was sentenced to ten years probation on the drug charge, and twelve months probation on the obstruction charge, to be served concurrently. In August 1991, the balance of his probated sentence was revoked because he violated the terms of his probation. He was paroled in 1994, then convicted of a separate drug offense. The prior offenses were used in aggravation of the latest sentence, and the court sentenced Carroll to 30 years in prison.

In April 2004, Carroll moved for an out-of-time appeal, asserting that he received ineffective assistance of trial counsel in 1991 in that his attorney failed to advise him that he had the right to challenge the validity of the search and seizure,[1] and that counsel failed to inform him that he had the right to appeal, to challenge the sufficiency of the evidence on appeal, and to receive a free copy of the trial transcript. Carroll also claimed that the trial court erred in not advising him of his right to appeal, to receive free legal assistance on appeal, and to obtain a free transcript of the proceedings.

At a hearing on the motion, the court asked Carroll, "You say you were not advised of your right to appeal?" Carroll replied, "I don't know." According to the prosecutor, the attorney who represented Carroll at trial (who was not present at the hearing), had told the prosecutor that it was his usual practice to advise clients of their right to appeal, but that defense counsel "[could not] say one way or the other" whether Carroll had been advised of his appeal rights. Carroll informed the court that he filed a habeas corpus petition regarding the 30-year sentence, and that the habeas proceeding was still pending. The trial court denied the motion for an out-of-time appeal.

Carroll filed this pro se appeal from the denial of his motion for an out-of-time appeal. We affirm the judgment of the trial court.

Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights.[2] The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of that discretion.[3]

In this case, the record supports a finding that Carroll slept on his rights in pursuit of his motion for an out-of-time appeal. Carroll did not file his motion for an out-of-time appeal for 13 years following his conviction.

While the mere passage of time would not preclude a defendant from pursuing an out-of-time appeal, we find that under the specific

---

[1] We note that defense counsel in the 1991 case did file a motion to suppress evidence challenging the lawfulness of the search and seizure; a transcript of that hearing is included in the appellate record.

[2] *Haynes v. State*, 227 Ga. App. 64, 65 (488 SE2d 119) (1997).

[3] *Bryant v. State*, 257 Ga. App. 141, 143 (570 SE2d 422) (2002).

facts of this case, including the fact that Carroll pursued other remedies (namely, a habeas corpus proceeding), that the sentences on the 1991 convictions have already been served, and that he testified that he does not know if he was advised of his appeal rights, Carroll has waived this remedy.[4] Under the circumstances, the trial court did not abuse its discretion in denying the motion.[5]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 19, 2004.

Eddie L. Carroll, *pro se.*
*Tom Durden, District Attorney,* for appellee.

---

[4] See *Dykes v. State,* 266 Ga. App. 635, 636 (597 SE2d 468) (2004).
[5] See id.; *Bryant,* supra at 144.