A98A1168. GROVENSTEIN v. THE STATE.
(504 SE2d 24)

ANDREWS, Chief Judge.

Thomas G. Grovenstein appeals from the trial court's denial of his motion for an out-of-time appeal. After a jury found Grovenstein

guilty of aggravated sodomy, sodomy, sexual battery, five counts of furnishing alcoholic beverages to an underaged person, and misdemeanor possession of marijuana, a judgment of conviction and sentence was entered by the trial court on March 1, 1996. No notice of appeal was filed from the judgment. On January 21, 1997, Grovenstein moved for an out-of-time appeal claiming that the lack of a timely appeal was due to appellate counsel's failure to perform routine duties. After a hearing, the trial court denied the motion. For the following reasons, we find no error and affirm the judgment denying an out-of-time appeal.

The trial record shows that immediately after Grovenstein was convicted and sentence was imposed, the trial court informed him of his right to seek relief from the conviction by filing an appeal within 30 days. Grovenstein was represented at the time by his retained attorney, and the trial court informed him that he could discuss this right with his retained attorney or another attorney of his choice. The trial court further informed Grovenstein that he had a right to have an attorney represent him in an appeal from the conviction, and that if he could not afford to hire an attorney the court would provide one at no cost. The trial court asked Grovenstein if he understood these rights and he responded, "Yes."

At the hearing on the motion for an out-of-time appeal, Grovenstein's retained trial attorney testified that immediately after the trial he discussed the right to an appeal with Grovenstein; but Grovenstein told him that, given what he thought was a fair sentence, he did not want to appeal. Grovenstein testified that he did not remember discussing an appeal with his attorney or telling his attorney not to file an appeal. He testified that he talked to his father after the trial about "doing something," but that he had no money to employ an attorney for an appeal. On cross-examination, Grovenstein testified that he was not denying that his retained attorney discussed an appeal with him after the trial but that he was in such a state of shock at the time that he did not remember. He also testified that, because he was in a state of shock after the conviction, he did not remember the trial court's instructions to him about his right to an appeal and his right to an attorney at no cost. He testified that he did not ask his retained counsel to pursue an appeal on his behalf. Grovenstein also conceded that he did not ask the trial court to appoint an attorney to represent him on appeal, but he said he failed to do so because he was not aware he was entitled to a court-appointed attorney for an appeal.

Based on this record, the trial court concluded that Grovenstein was fully informed of his right to appeal within 30 days of the conviction, of his right to be represented by an attorney on appeal, and of his right to obtain a court-appointed attorney at no cost if he could

not afford to hire an attorney for an appeal. The trial court also concluded that Grovenstein conferred with his retained attorney about an appeal and told his attorney that he did not wish to pursue an appeal. These factual findings support the conclusion that the lack of a timely appeal after the conviction was not due to counsel's failure to perform routine duties because of negligence, ignorance, or misinterpretation of the law, nor was it due to any failure to adequately inform Grovenstein of his appeal rights. *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985); *Evans v. State*, 198 Ga. App. 537, 538 (402 SE2d 131) (1991). Rather, these factual findings support the conclusion that Grovenstein made an informed decision to forego an appeal of the conviction. *Rowland v. State*, 264 Ga. 872, 874 (452 SE2d 756) (1995). Because these factual findings are not clearly erroneous, we conclude that the trial court correctly denied Grovenstein's motion for an out-of-time appeal. *Taylor v. State*, 266 Ga. 129 (464 SE2d 385) (1995).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 22, 1998 —
RECONSIDERATION DENIED JULY 2, 1998 — 

*Randall M. Clark, O. Dale Jenkins*, for appellant.
*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney*, for appellee.