## A00A2391. YODER v. THE STATE.
### (543 SE2d 784)

RUFFIN, Judge.

In September 1997, a jury found Harold Yoder guilty of two counts of child molestation. Yoder did not file an appeal. In February 2000, however, he filed a motion for an out-of-time appeal. The trial court denied the motion, and Yoder appeals. We affirm.

A criminal defendant may be entitled to an out-of-time appeal if he was denied his right to an appeal through his counsel's negligence or if he was not adequately informed of that right.[1] It is well settled that

> [a] criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights.[2]

After pronouncing Yoder's sentence, the trial court instructed Yoder as follows:

> Now you have a right to appeal this conviction to the Appellate Courts of Georgia and if you wish to do so, notice of appeal or motion for new trial must be filed within thirty days of today's date. [Your attorney] will advise you further about this, I'm sure. If you cannot afford an attorney, the Court will appoint you one to represent you on appeal. How-

---

[1] *Burroughs v. State*, 239 Ga. App. 600 (1) (521 SE2d 652) (1999).
[2] (Citations and punctuation omitted.) Id.

ever, you have the right and really the duty if you wish to appeal to obtain your own attorney if you can.

Notwithstanding the trial court's instructions, Yoder did not file an appeal or motion for new trial within 30 days. At the hearing on his motion for out-of-time appeal, Yoder testified that, after his sentence was read, he was in such a state of shock that "[i]t was like a switch went off in my mind, and after that, I know there's background noise, but [it] was just like an out-of-body experience, just like I wasn't there."

Yoder testified that he met with his attorney to discuss an appeal, but concluded that he could not afford it. He said that, following the trial, "there was just a little money left over for my wife to live on." Yoder's family met with his trial attorney to discuss filing an appeal, but Yoder directed them "not to try to pursue the appeal" for financial reasons. Eventually, Yoder's family raised the money, and this motion for out-of-time appeal was filed.

The trial court concluded that Yoder had been fully advised of his right to appeal and that he failed to exercise that right. Although Yoder argues that he could not afford an appeal at that time, the trial court clearly informed him that, if indigent, an attorney would be appointed. Under these circumstances, the trial court did not err in denying Yoder's motion.[3]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 11, 2000.

*Michael D. Reynolds*, for appellant.

*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney*, for appellee.

---

[3] See *Grovenstein v. State*, 233 Ga. App. 230, 231-232 (504 SE2d 24) (1998).