A05A0658. HUFF v. THE STATE.
(610 SE2d 177)

BLACKBURN, Presiding Judge.

Willie James Huff appeals the trial court's denial of his motion for out-of-time appeal, contending that he was never properly instructed of his right to appeal his conviction for two counts of aggravated assault within thirty days. Because the record shows that Huff was informed of his appellate rights by his trial counsel, we affirm.

As a general matter,

[t]he denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. The right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent. Such action constitutes ineffectiveness. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. However, a convicted party may, by

his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. We apply the "any evidence" standard to findings of the trial court, acting as the trier of fact, with regard to whether counsel informed the defendant of his appeal rights and whether the defendant voluntarily waived those appeal rights.

*Harrell v. State.*[1]

The record shows that, following a bench trial, Huff was convicted of two counts of aggravated assault. Although the record does not show that the trial court informed Huff of his right to appeal his conviction, Huff's trial counsel did fully discuss Huff's rights with him. Huff's trial counsel advised him that he had a right to appeal his conviction and sentence within 30 days. Trial counsel further advised Huff, however, that the evidence against him appeared to be overwhelming and that she could discern no appropriate grounds for filing an appeal. Instead, she recommended that Huff file a motion to remold his sentence, which Huff agreed to do after considering the matter. Therefore, the record supports a finding that Huff was aware of his appellate rights, and the trial court did not abuse its discretion by denying his motion for out-of-time appeal.

Nonetheless, Huff argues that, contrary to her testimony, his trial counsel did not inform him about his right to appeal. This, however, raises a question of credibility, and the trial court explicitly found that Huff's testimony was not credible. This Court has no power to overturn that decision. "It is . . . fundamental that this Court has no power to consider or address the credibility of any of the parties or their witnesses." *Clemons v. State.*[2]

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 9, 2005.

*Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.

---

[1] *Harrell v. State*, 257 Ga. App. 525 (571 SE2d 502) (2002).
[2] *Clemons v. State*, 265 Ga. App. 825, 830 (3) (595 SE2d 530) (2004).