A07A0105. HILL v. THE STATE.
(645 SE2d 758)

BERNES, Judge.

Torrey Lavar Hill appeals the trial court's order denying his motion for out-of-time appeal. Because trial counsel withdrew from her representation without fulfilling her duty to fully inform Hill of his appeal rights, we reverse and remand for proceedings consistent with this opinion.

In October 1998, a Houston County jury found Hill guilty of two counts each of statutory rape, child molestation, and contributing to the delinquency of a minor. The hearing on Hill's motion for new trial was held on May 6, 1999, and the trial court denied the motion for new trial on May 11, 1999. Hill did not file a timely appeal. Hill filed a pro se motion for out-of-time appeal in 2004, and his court-appointed counsel filed an amended motion for out-of-time appeal in 2006. Following an evidentiary hearing, the trial court denied the motion.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of that discretion." *Carroll v. State*, 270 Ga. App. 569, 570 (608 SE2d 533) (2004). We apply the any evidence standard in reviewing the trial court's findings of fact. *Butts v. State*, 244 Ga. App. 366, 368 (536 SE2d 154) (2000).

Hill claims that he lost his right to file a timely direct appeal from his conviction and sentence following his jury trial due to ineffective assistance of counsel. In particular, Hill contends that his trial counsel was deficient in failing to advise him of his appellate rights, in failing to timely advise him that his motion for new trial was denied, and in abandoning his case without protecting his appellate rights, including filing a notice of appeal. "When the defendant loses [the right to file a timely direct appeal] as a result of the ineffective

---

[12] See *Johnston*, supra at 678.

assistance of his counsel, he is entitled to an out-of-time appeal. It is the remedy for a frustrated right of appeal." (Footnote omitted.) *Floyd v. State*, 279 Ga. App. 21, 23 (630 SE2d 168) (2006). However, "[a]n out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights." *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985).

1. The evidence at the hearing on Hill's motion for an out-of-time appeal was conflicting as to whether Hill's trial counsel adequately informed him that the trial court had denied his motion for new trial. According to Hill, trial counsel did not inform him that his motion for new trial had been denied until August 2000, over a year after the 30-day appeal period had expired. Trial counsel testified that it was her normal practice and procedure to send orders that she received to her client, and that she believed that the denial of Hill's motion for new trial was relayed to Hill when Hill called her office around the time that the motion was denied. Trial counsel also recalled that the trial court had informed Hill of the 30-day appeal period during the sentencing hearing. The trial court found the more credible evidence to be that counsel had informed Hill of the denial of his motion for a new trial and that he was informed by the court that he needed to file an appeal within 30 days. The trial court was entitled to believe trial counsel and disbelieve Hill. "It is fundamental that this Court has no power to consider or address the credibility of any of the parties or their witnesses." (Citation and punctuation omitted.) *Huff v. State*, 271 Ga. App. 553, 554 (610 SE2d 177) (2005). Accordingly, the trial court was authorized to conclude that Hill's trial counsel had adequately informed him of the denial of his motion for new trial, and that she was not ineffective for that reason. See *Butts*, 244 Ga. App. at 368 (evidence authorizing trial court's finding that appellant had been advised of his appeal rights included that, although trial counsel had no independent recollection of informing defendant of his appeal rights, it was counsel's practice to so inform each convicted client).

2. The trial court also found Hill did not lose his right of appeal through the fault of trial counsel inasmuch as trial counsel's obligation to Hill only ran through the motion for new trial. However, in view of the evidence adduced at the hearing, we conclude that Hill's trial counsel did not fulfill her duty to Hill to fully inform him of his appeal rights before ceasing her representation. "[T]he right to effective assistance of counsel includes the defendant's right to be informed of[ ] . . . the right to counsel on appeal *(including the right to appointed counsel for indigent defendants).*" (Emphasis supplied.) *Towns v. State*, 228 Ga. App. 267 (1) (491 SE2d 497) (1997). Nowhere does it appear that Hill's trial counsel advised him that if he could not afford a lawyer he had the right to have one appointed to represent

him. The evidence did not show whether Hill was indigent at the time of his conviction or if he was fully advised by the trial court of his right to appointed counsel. "We therefore remand the case for a determination of whether the [trial] court advised appellant fully of his rights regarding appeal and of whether appellant was at the time of his conviction an indigent person who could qualify for appointed counsel." *Bell v. Hopper*, 237 Ga. 810, 811 (229 SE2d 658) (1976). If the trial court finds that Hill was indigent at the time of his conviction and that the trial court did not fully advise Hill of his rights regarding appeal, the trial court is directed to authorize Hill's out-of-time appeal. See id.; *Evans v. State*, 198 Ga. App. 537, 539 (402 SE2d 131) (1991) ("[i]f appellant did not receive adequate information concerning his right to obtain another appointed attorney should trial counsel not wish to represent him on appeal, he is . . . entitled to an out of time appeal").

*Judgment reversed and case remanded. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MAY 9, 2007.

*Jeffrey L. Grube*, for appellant.
*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellee.