## A10A1242. MOORE v. THE STATE.
### (695 SE2d 661)

BLACKBURN, Judge.

After pleading guilty to manslaughter, David Timothy Moore waited 20 years before asking the trial court for leave to file an out-of-time appeal. Finding that Moore's failure to file a timely appeal was due to his own actions, the court denied the motion for out-of-time appeal, which denial Moore has appealed in the present case. We hold that because some evidence supported the trial court's finding, and because in any case Moore failed to show ineffective assistance of counsel let alone manifest injustice, we must affirm.

Construed in favor of the trial court's findings, the record shows that following his indictment on a murder charge for stabbing a fellow prison inmate to death, Moore in 1989 pled guilty to a lesser charge of manslaughter, which plea was in part motivated by an incriminatory statement he had made to law enforcement officers. As agreed to in the negotiated plea, the court sentenced Moore to 15 years to be served consecutively to the sentences he was already serving. The court informed Moore of his right to appeal within 30 days. No appeal or motion to withdraw the plea followed.

Twenty years later, Moore moved for leave to file an out-of-time appeal, arguing that the guilty plea transcript contained no statement as to the factual basis for the crime to which Moore pled guilty. Finding that indeed no proper factual basis was contained in the record, the trial court conducted an evidentiary hearing on the question of whether Moore's failure to appeal was attributable to his trial counsel or to Moore. Based on the evidence, the trial court found that Moore's own conduct was the cause of the failure to appeal, and thus the court denied his motion for an out-of-time appeal. Moore appeals this denial.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of that discretion. We apply the any evidence standard in reviewing the trial court's findings of fact." (Citation and punctuation omitted.) *Hill v. State*.[1]

In the context of a guilty plea, *Dowling v. State*[2] set forth the criteria to be considered:

> An out-of-time appeal is available only when an appellant can show first, that he actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel. A

---

[1] *Hill v. State*, 285 Ga. App. 310, 310 (645 SE2d 758) (2007).
[2] *Dowling v. State*, 294 Ga. App. 413, 413 (669 SE2d 198) (2008).

> defendant who pleads guilty to a crime has no unqualified right to a direct appeal. In order to show entitlement to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, [a defendant] must establish that his claims can be resolved solely by reference to the facts contained in the record.

(Punctuation and footnotes omitted.)

The trial court found that Moore met the first criterion in that he showed that the transcript of the guilty plea hearing reflected that no factual basis for the crime was set forth or otherwise specified in the hearing. Where "the record does not affirmatively show that the court ascertained the factual basis for appellant's plea as required by USCR 33.9," then "the record does not affirmatively show that appellant's guilty plea was entered knowingly and voluntarily." *Watt v. State*.[3] The Supreme Court of Georgia emphasized in *State v. Evans*[4] that "the language of USCR 33.9 is obligatory, providing that a superior court judge '*should not* enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea.'" (Emphasis in original.) Because Moore showed that this claim of no factual basis for his plea could be resolved solely by reference to facts contained within the record, he demonstrated that he was entitled to a direct appeal from his guilty plea conviction.

To meet the second criterion (showing that his right to a timely direct appeal was frustrated by the ineffective assistance of counsel), Moore "was required to demonstrate to the trial court that his failure to secure a timely direct appeal was not attributable to his own actions." *Butts v. State*.[5] As *Butts* explained further:

> A convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. When the delay in attempting to appeal a conviction is attributable to the defendant's conduct, either alone or in concert with his trial attorney, a trial court properly denies the motion for an untimely appeal.

(Punctuation and footnotes omitted.) Id. at 367. In other words,

---

[3] *Watt v. State*, 204 Ga. App. 839, 840 (1) (420 SE2d 769) (1992).

[4] *State v. Evans*, 265 Ga. 332, 334 (1) (454 SE2d 468) (1995).

[5] *Butts v. State*, 244 Ga. App. 366, 367 (536 SE2d 154) (2000).

ineffective assistance of counsel must be the sole reason for the failure to file the appeal; "[a]n out-of-time appeal . . . is not authorized if the delay was attributable to the appellant's conduct, *either alone or in concert with counsel*." (Punctuation omitted; emphasis supplied.) *Franz v. State*.[6] See *Henderson v. State*;[7] *Duncan v. State*.[8]

Here, Moore testified that following the entry of the negotiated sentence on his guilty plea, and following the court's informing him of his right to appeal which had to be exercised within 30 days, he asked his trial counsel if there were grounds for appeal, to which his counsel allegedly responded in the negative. Moore argued that this advice was deficient in that the record failed to contain a factual basis for the plea, and that based on this poor advice, he failed to pursue an appeal. However, Moore's trial counsel gave testimony that counsel did not recall any such post-judgment conversation occurring, which testimony the court specifically referenced in its order denying the motion for out-of-time appeal. The trial court had every right to disbelieve Moore's self-serving testimony, especially in light of trial counsel's testimony that counsel could not recall any such conversation taking place. See *Tate v. State*[9] ("[t]he trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony"); *Burdette v. State*[10] (court may believe trial counsel's testimony over that of defendant). Because this alleged conversation was the sole basis for Moore's claim that his trial counsel caused him not to file a timely direct appeal, the trial court did not abuse its discretion in denying the motion for out-of-time appeal.

Nevertheless, even assuming that the post-judgment conversation took place as alleged by Moore, we hold that, as in *Bielen v. State*,[11] the trial court was not obligated to believe Moore's claim that he would have challenged his guilty plea had his lawyer pointed out that no factual basis for the plea was in the record. Indeed, in light of the incriminatory statement made by Moore to law enforcement officials, and in light of Moore's trial counsel's testimony that significant evidence existed to show that Moore did not act in self-defense in killing his fellow inmate, trial counsel's belief that Moore's interests were best served by taking a plea to manslaughter as opposed to facing trial for murder was well founded. Undoing that guilty plea conviction, which had resulted in a sentence satisfactory

---

[6] *Franz v. State*, 208 Ga. App. 677, 678 (2) (432 SE2d 554) (1993).

[7] *Henderson v. State*, 265 Ga. 317, 318 (2) (454 SE2d 458) (1995).

[8] *Duncan v. State*, 291 Ga. App. 580, 580 (1) (662 SE2d 337) (2008).

[9] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

[10] *Burdette v. State*, 276 Ga. App. 695, 700 (3) (624 SE2d 253) (2005).

[11] *Bielen v. State*, 265 Ga. App. 865, 868 (1) (595 SE2d 543) (2004).

to Moore, would have possibly led to a trial on the murder charge, which would have defeated the very benefit of the bargain that Moore had just successfully achieved through the negotiated plea. At the hearing on Moore's motion for out-of-time appeal, Moore's trial counsel even set forth in detail the factual basis for the crime, testifying there was no benefit in requesting a new guilty plea hearing to simply fill in the gap in the record. We discern no abuse of discretion in the trial court's finding that Moore's trial counsel acted effectively.

Finally, even assuming the post-judgment conversation took place as alleged by Moore, and further assuming that Moore did not pursue a direct appeal due to ineffective assistance by Moore's trial counsel, we note that the inquiry would not end there. As the Supreme Court of Georgia held in *Adams v. State*[12] (where the defendant also appealed the denial of his motion for new trial which motion showed no factual basis for the guilty plea), the defendant must also demonstrate that a manifest injustice will result unless his guilty plea is invalidated.[13] *Adams* explained further:

> In undertaking the manifest injustice analysis, the reviewing court is authorized to examine evidence that was not part of the guilty plea hearing. Review for determination of whether there was a factual basis for a guilty plea is limited to the record created at the guilty plea hearing, while the manifest injustice review may take into consideration other evidence before the reviewing court as well as the evidence placed before the trial court accepting the guilty plea.

(Punctuation omitted.) Id. at 747-748 (4) (b). See *Wharton v. Henry*;[14] *Evans*, supra, 265 Ga. at 335-336 (3).

Here, the transcript of the hearing on Moore's motion for out-of-time appeal contained the testimony of his trial counsel, which recounted in detail the evidence showing the facts of Moore's fight with his fellow prison inmate and which showed that Moore acted aggressively and not defensively in stabbing and killing the victim. Thus, even though this evidence was not set forth in the

---

[12] *Adams v. State*, 285 Ga. 744, 747-749 (4) (b) (683 SE2d 586) (2009).

[13] Moore's citation to *Collum v. State*, 211 Ga. App. 158, 160 (438 SE2d 401) (1993), which appears to have bypassed this "manifest injustice" analysis in holding the trial court should have granted defendant's motion to withdraw guilty plea, is inappropos because *Collum* was physical precedent only. Two other Court of Appeals cases that appear to have also overlooked this step were similarly physical precedent only. See *Smith v. State*, 213 Ga. App. 536, 537-538 (4) (445 SE2d 341) (1994); *Caldwell v. State*, 213 Ga. App. 531, 531-532 (1) (445 SE2d 560) (1994).

[14] *Wharton v. Henry*, 266 Ga. 557, 558 (2) (469 SE2d 27) (1996).

guilty plea hearing, its presence in the later hearing showed that the invalidation of Moore's guilty plea was not necessary to correct a manifest injustice. See *Craft v. State*.[15]

For these reasons, we hold that the trial court did not abuse its discretion in denying Moore's motion for out-of-time appeal.

*Judgment affirmed. Barnes, P. J., and Bernes, J., concur.*

DECIDED MAY 14, 2010.

*Healy & Svoren, Nina M. Svoren*, for appellant.
*Brian M. Rickman, District Attorney*, for appellee.

---

[15] *Craft v. State*, 234 Ga. App. 305, 308-309 (3) (506 SE2d 663) (1998).
[1] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).