**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 14, 2017**

# In the Court of Appeals of Georgia

A16A2228. WATKINS v. THE STATE.

SELF, Judge.

Michael Watkins appeals from the trial court's denial of his motion for an out-of-time appeal. He contends that he was denied his right to an appeal because he was not adequately advised about his appeal right and his trial counsel failed to preserve his right to an appeal. For the reasons explained below, we vacate the trial court's order and remand with direction.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." (Citation and punctuation omitted.) *Smith v. State*, 263 Ga. App. 414, 417 (1) (587 SE2d 787) (2003). The record shows that on January 15, 2015, a jury found Watkins guilty of possession of more than an ounce of marijuana, and the

trial court sentenced Watkins to ten years imprisonment after the State presented evidence of four prior felony convictions. After sentencing Watkins, the trial court informed him: "If you wish to file a Writ of Habeas Corpus this needs to be filed within four years of this conviction becoming final. You do have a right of appeal. Any appeal needs to be filed within 30 days of today's order[, January 15, 2015]."

On February 5, 2015, Watkins filed a pro se motion for a free trial transcript, as well as his discovery package, even though his retained trial counsel had not withdrawn from the case. On February 19, 2015, after the time for filing a direct appeal had expired, the trial court wrote a letter to Watkins stating: "Your trial attorney . . . has the discovery package and you should obtain it from him. The trial transcript is not yet prepared. However you had retained counsel and there is no appeal pending, so you would not be entitled to a free copy at this time."

On February 27, 2015, a new attorney entered an appearance on Watkins' behalf and filed a motion for an out-of-time appeal. On March 4, 2015, a "Circuit Defender Administrator/Designee" issued a "Certificate of Indigency" stating: "Upon consideration of the Application for Appointment of Counsel, the above-named defendant is found to be indigent under criteria of the Georgia Public Defense

Standards Council, Federal Poverty Guidelines, and appropriate court rules, and is entitled to have appointed counsel."[1]

In his motion for an out-of-time appeal, Watkins asserted that his trial counsel failed to preserve his right to an appeal, that his pro se requests for transcripts provided evidence of his desire for an appeal, and that the State did not oppose the grant of an out-of-time appeal. In the hearing on his unopposed motion, Watkins presented minimal evidence to support his claim that he was entitled to an out-of-time appeal.

Trial counsel testified that he was "[o]riginally" only "partially retained" to represent Watkins. He denied that he was retained to handle an appeal, but admitted that he did not withdraw after Watkins was sentenced, that he did not file a motion for new trial or notice of appeal, and that he assumed he was still the attorney of record unless someone else stepped in. He also acknowledged that he had an obligation as a criminal defense lawyer to look out for his client's best interest generally. Trial counsel was not asked and provided no information about whether he advised Watkins

---

[1] Because a copy of Watkins' application for appointed counsel does not appear in the record before us, we cannot determine the date on which Watkins submitted the application.

that he had the right to appointed counsel to handle an appeal if he was indigent. Likewise, he was asked no questions about whether or to what extent he discussed Watkins' desires regarding an appeal.

Watkins testified that he wanted to file a motion for new trial and never told his retained trial counsel "not to file a motion for new trial in [his]behalf." Watkins provided no information about whether he was informed about a right to appointed appellate counsel if he could not afford one. Finally, he did not testify about when he first sought appointed counsel to represent him in connection with this out-of-time appeal.

The trial court denied Watkins' motion for out-of-time appeal based upon its conclusion that "[t]rial counsel was not required to file an appeal for which he had not been retained" and a finding that Watkins "did not testify that he had made any overt act to pursue his appeal. The Defendant did not show that he had contacted any lawyer to represent him on appeal, not even his retained trial counsel. He showed absolutely no attempt to file any appeal at all." In the trial court's view, "[t]he failure to perfect the appeal was solely caused by the Defendant and his failure to act."

> Out-of-time appeals are designed to address the constitutional concerns
> that arise when a criminal defendant is denied his first appeal of right

4

because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice. Thus, an out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel.

(Citation and punctuation omitted.) *Wetherington v. State*, 296 Ga. 451, 453 (1) (769 SE2d 53) (2015). Accordingly, Geogia law "permits out-of-time appeals if the defendant was denied h[is] right of appeal through counsel's negligence or ignorance, or if the defendant was not adequately informed of h[is] appeal rights." *Smith*, supra, 263 Ga. App. at 416 (1). "When a court considers a claim in connection with a motion for out-of-time appeal that a defendant was denied effective assistance, the court usually will apply the familiar standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984)." *Mims v. State*, 299 Ga. 578, 579 (1) (787 SE2d 237) (2016). "An out-of-time appeal is not authorized in every criminal case which involves a failure by counsel to comply with the applicable procedures necessary to invoke [the appellate court's] jurisdiction." *Porter v. State*, 271 Ga. 498, 499-500 (521 SE2d 566) (1999).

If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction

to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court. An out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights.

(Citation and punctuation omitted.) *Smith*, supra, 263 Ga. App. at 416 (1). "In other words, ineffective assistance of counsel must be the sole reason for the failure to file the appeal. . . ." *Moore v. State*, 304 Ga. App. 105, 106-107 (695 SE2d 661) (2010). Therefore, "[t]he disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal." *Haynes v. State*, 227 Ga. App. 64, 65 (488 SE2d 119) (1997).

Watkins asserts that the trial court erred by denying his motion for an out-of-time because: (1) nothing in the record shows that either the trial court or his trial counsel informed him that he was entitled to appointed counsel if he could not afford one; and (2) retained counsel took no steps to preserve his right to appeal, even though counsel did not withdraw his representation during the 30-day-period following entry of Watkins' sentence.

6

1. We find no merit in Watkins' assertion that he is entitled to an out-of-time appeal because the trial court failed to advise him that he had the right to appointed appellate counsel if he could not afford one.

> [W]here a defendant retains trial counsel and then claims indigence on appeal, he bears the burden of making that fact known to the trial court or some responsible state official. If the trial court has no reason to believe that the defendant is indigent and cannot afford the services of retained counsel for the purpose of appeal, it is under no duty to inquire as to the defendant's indigence and may presume that his retained counsel will protect his appellate rights.

(Citation and punctuation omitted.) *Seay v. State*, 220 Ga. App. 418, 419 (469 SE2d 496) (1996). See also *Massey v. State*, 278 Ga. App. 303, 305-306 (2) (628 SE2d 706) (2006). As Watkins was represented by retained counsel at the time of sentencing, his attorney, not the trial court,[2] had the duty to inform Watkins of his "right to counsel on appeal *(including the right to appointed counsel for indigent defendants)*." (Citation and punctuation omitted; emphasis in original.) *Hill v. State*, 285 Ga. App.

---

[2] Defendants make numerous decisions based upon information provided solely by their attorneys in the course of a criminal prosecution without input or advice from the trial court. For example, trial "[c]ourts . . . have no duty to advise a defendant of the right to testify or to determine on the record whether the defendant's decision is voluntary, knowing, and intentional." (Citation and punctuation omitted.) *Williams v. State*, 292 Ga. 844, 854 (3) (i) (742 SE2d 445) (2013).

7

310, 311 (2) (645 SE2d 758) (2007). See also *Bell v. Hopper*, 237 Ga. 810, 810-811 (229 SE2d 658) (1976); *Jayko v. State*, 335 Ga. App. 684, 687, n. 2 (782 SE2d 788) (2016).

While this Court sometimes looks at whether a trial court advised a represented defendant about the right to appointed counsel if he or she could not afford one, in doing so, we are, in essence, analyzing the prejudice prong of an ineffective assistance of counsel claim under *Strickland*, supra. See, e.g., *Wimmer v. State*, 323 Ga. App. 820 (748 SE2d 297) (2013); *Yoder v. State*, 247 Ga. App. 272, 273 (543 SE2d 784) (2000). For example, in *Hill*, supra, we found that "trial counsel did not fulfill her duty to . . . fully inform [the defendant] of his appeal rights before ceasing her representation." 285 Ga. App. at 311 (2). But based upon the particular record before us in *Hill*, we remanded the case to the trial court

> for a determination of whether the trial court advised appellant fully of his rights regarding appeal and of whether appellant was at the time of conviction an indigent person who could qualify for appointed counsel. If the trial court finds that [the defendant] was indigent at the time of his conviction and that the trial court did not fully advise [the defendant] of his rights regarding appeal, the trial court is directed to authorize [the defendant's] out-of-time appeal.

(Citations and punctuation omitted.) Id. at 312 (2).

However, none of our statements in *Hill*, supra, should be construed as imposing a mandatory obligation upon trial courts to inform every defendant represented by retained counsel that they have a right to appointed appellate counsel in the event of indigence. Nor does it stand for the proposition that represented defendants are automatically entitled to an out-of-time appeal if the trial court fails to inform them of their right to appointed counsel in the event of indigence. If trial counsel fulfills his or her duty to so inform the defendant, it is irrelevant whether the trial court provided the same information. On the other hand, if trial counsel fails to adequately advise a defendant about his appeal rights, no harm results if the trial court elected to provide the information.

2. Having concluded that the trial court's failure to advise Watson does not entitle him to an out-of-time appeal, we must now examine whether trial counsel fulfilled his duty to adequately inform Watson of his appeal rights. The record in this case is silent as to whether Watkins' trial counsel informed him of his right to appointed counsel if he could not afford one. In the absence of evidence showing that Watkins' attorney advised him that he was entitled to an appointed attorney if he was

9

indigent, the trial court's finding that Watkins was ultimately responsible for the failure to file a timely appeal was premature. *See Thorpe v. State*, 253 Ga. App. 263, 264 (558 SE2d 804) (2002) (remanding case because trial court failed to make factual inquiry into whether defense counsel informed defendant of his appeal rights). Accordingly, we remand this case for a determination as to whether Watkins' counsel informed of him of this right and Watkins nonetheless failed to take appropriate action to preserve his right to a direct appeal. See *Cannon v. State*, 175 Ga. App. 741, 742-743 (334 SE2d 342) (1985) (remanding case for second hearing and additional findings on dispostive issue of who bore ultimate responsibility for failure to file a timely appeal). If trial counsel did not advise Watkins about his right to appointed counsel, the trial court is directed to grant Watkins' motion for an out-of-time appeal. If Watkins' attorney did so advise him, the trial court should conduct an additional inquiry into whether Watkins thereafter slept on his right to appointed counsel and a direct appeal.

3. Watkins' remaining arguments on appeal are rendered moot by our holding in Division 1.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Rickman, J., concur*.