**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 21, 2018**

# In the Court of Appeals of Georgia

A17A1998. DELEVAN v. THE STATE.

REESE, Judge.

A jury found Daniel Delevan guilty of driving under the influence ("DUI") and related offenses. After the trial court denied his motion for new trial, the Appellant failed to file a timely notice of appeal. His counsel subsequently filed a motion for an out-of-time appeal, which the trial court denied after conducting a hearing. On appeal from that order, the Appellant argues that the trial court erred in denying his motion because the failure to file a timely notice of appeal was not his fault, but was solely the result of his counsel's ineffective assistance. For the reasons set forth, infra, we do not reach the merits of the Appellant's arguments but, instead, vacate the trial court's denial of the motion for an out-of-time appeal and remand this case to the trial court for further proceedings consistent with this opinion.

The record shows the following undisputed facts. The Appellant was convicted of DUI and other crimes in June 2016 and was sentenced to 36 months, to serve 180 days. The trial court granted the Appellant's request for a supersedeas bond. David Clark, an attorney with the Appellate Division of the Georgia Public Defender Council ("GPDC"), timely filed a motion for new trial. Following a hearing, the court denied the motion for new trial on November 29, 2016. Neither Clark nor the Appellant filed a timely notice of appeal from that order.[1] As a result, on February 20, 2017, the State filed a motion asking the trial court to enforce the Appellant's sentence.

Shortly thereafter, on March 2, 2017, Clark filed a motion for an out-of-time appeal on behalf of the Appellant. In the motion, Clark stated that he had drafted a notice of appeal on December 5, 2016, and had instructed his staff to mail it to the clerk's office and to every party on the certificate of service. According to the motion, however, Clark had "just learn[ed] that the [trial court clerk] never received a copy

---

[1] See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion."); see also *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999) ("The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court.") (citation and punctuation omitted; emphasis in original).

2

of [the] notice of appeal." In the motion, Clark asserted that he and his office staff were at fault for the failure to timely file the notice of appeal; that such failure constituted "ineffective assistance of counsel *per se*"; and that, as a result, the Appellant was entitled to an out-of-time appeal.

The trial court conducted a hearing on the State's motion to enforce the sentence and the Appellant's motion for an out-of-time appeal. During the hearing, the Appellant was represented by Michael Tarleton, an attorney who was also employed by the Appellate Division of the GPDC and worked in the same office as Clark. Although Tarleton argued that Clark and unnamed GPDC Appellate Division staff members may have been responsible for the failure to file a timely notice of appeal,[2] Tarleton did not call Clark or any staff member as a witness to testify to the facts surrounding such failure. In response to Tarleton's argument, the State contended that the Appellant had failed to meet his burden of presenting competent

---

[2] Although the Appellant's brief asserts that "[c]ounsel [has] conceded his own ineffective assistance," the hearing transcript shows that Tarleton conceded only that "the notice of appeal never made it to the clerk's office." Tarleton added that it was unclear "whether this was simply a matter of our office failing to file the appeal or whether . . . for some reason it got lost in the mail or misfiled with the clerk's office." Because this argument conflicts with Clark's assertions in the motion for an out-of-time appeal, the record does not show that Clark's ineffective assistance was actually "conceded" in the court below.

3

evidence to show that he did not "sleep[ ] on his rights" or otherwise contribute to the failure to timely file the notice of appeal and, as a result, he was not entitled to an out-of-time appeal.[3]

Tarleton then called the Appellant as a witness, and the Appellant testified that he went to the office of the clerk of the trial court in mid-December 2016 to get

[3] See *Huff v. State*, 271 Ga. App. 553, 553-554 (610 SE2d 177) (2005) ("The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. The right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent. Such action constitutes ineffectiveness. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights.") (citation and punctuation omitted); see also *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) ("In order for an out-of-time appeal to be granted, the burden is on the movant to establish that the procedural deficiency that resulted in the loss of the defendant's right to direct appeal was due to error of counsel. If there is evidence sufficient to authorize a finding that the movant's conduct caused the loss of the right to direct appeal, the movant is not entitled to an out-of-time appeal.") (citations omitted); *Watkins v. State*, 340 Ga. App. 218, 220 (797 SE2d 144) (2017) (To support an out-of-time appeal, "ineffective assistance of counsel must be the *sole* reason for the failure to file the appeal.") (citation and punctuation omitted; emphasis supplied); *Wright v. State*, 282 Ga. App. 582, 584 (639 SE2d 563) (2006) ("An out of time appeal will not be authorized if the delay was attributable to the defendant's conduct, either alone or in concert with counsel.") (citation and punctuation omitted).

documentation that his DUI conviction was on appeal. The court clerk told the Appellant that a notice of appeal had not been filed in his case and that such notice had to be filed by December 29, 2016. According to the Appellant, when he left the clerk's office, he called Clark's office and left a voicemail message. The Appellant did not testify to any other efforts he made before the December 29 deadline to ensure that the notice of appeal was timely filed.

After considering the evidence and argument presented, the trial court ruled that, once the Appellant learned that no appeal had been filed, he was "asleep at the wheel" and, thus, was at least partly responsible for the failure to timely file the notice of appeal. Therefore, the court denied the Appellant's motion for an out-of-time appeal and granted the State's motion to enforce the Appellant's sentence.

Clark then filed a timely notice of appeal from the court's order on behalf of the Appellant. After the case was docketed in this Court, Clark filed an appellate brief, arguing that the trial court erred in denying the motion for an out-of-time appeal because it was "undisputed that Appellant received ineffective assistance of counsel due to his lawyer[4] failing to file a timely notice of appeal."

---

[4] In his brief, Clark generically refers to the attorney who failed to timely file the notice of appeal as the Appellant's "lawyer" or "counsel." The record, however, provides no basis for this Court to find that Clark is referring to someone other than

For the following reasons, however, we do not reach the merits of the Appellant's appeal, because it appears that both Clark and Tarleton should have been deemed disqualified from representing the Appellant after Clark's ineffective assistance was asserted as the basis for the motion for an out-of-time appeal.

1. The Supreme Court of Georgia has repeatedly held that an attorney "may not ethically present a claim that [he] provided a client with ineffective assistance of counsel[.]"[5] It necessarily follows that a claim of ineffective assistance of counsel may not be pursued unless the counsel at issue is no longer representing the defendant and, instead, the defendant either is represented by conflict-free counsel or represents himself pro se.[6]

---

himself.

[5] *Hood v. State*, 282 Ga. 462, 463 (651 SE2d 88) (2007) (citation omitted). See *Garland v. State*, 283 Ga. 201, 203 (657 SE2d 842) (2008) ("[A]ppellant's trial counsel could not reasonably be expected to assert or argue his own ineffectiveness on appeal.") (citations omitted); see also *Ryan v. Thomas*, 261 Ga. 661, 662 (409 SE2d 507) (1991); *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991).

[6] See *Hood*, 282 Ga. at 463; see also *Garland*, 283 Ga. at 203 (In order to pursue an ineffectiveness claim, the convicted defendant "was entitled to representation on appeal by effective, i.e., conflict-free, counsel as a matter of constitutional law.").

One apparent reason behind this rule is that, in pursuing an ineffective assistance claim, the defendant has the burden of proving both his counsel's deficient performance and prejudice that arose from such deficiency.[7] To meet this burden, the defendant must present competent evidence, which usually means that the attorney at issue must be called to testify and defend against an assertion that his performance had been deficient.[8]

There is an inherent conflict, however, when counsel serves the dual roles of advocate and witness, and such a situation should be avoided, if possible.[9] A lawyer

---

[7] See *Strickland v. Washington*, 466 U. S. 668, 690 (III) (A), 693 (III) (B) (104 SCt 2052, 80 LE2d 674) (1984).

[8] See *Jones v. State*, 279 Ga. 854, 855 (2) (622 SE2d 1) (2005) (In order to demonstrate both deficient performance and prejudice, the defendant was required to "rebut by clear and convincing evidence the strong presumption that his attorney was effective. However, [the defendant] did not call trial counsel to testify at the hearing on the motion for new trial, and without such testimony, it is extremely difficult to overcome this presumption.") (citations and punctuation omitted).

[9] See *Martin v. State*, 298 Ga. 259, 270 (2) (b) (779 SE2d 342) (2015); see also Rule 3.7 (a) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d) ("GRPC") ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: 1. the testimony relates to an uncontested issue; 2. the testimony relates to the nature and value of legal services rendered in the case; or 3. disqualification of the lawyer would work substantial hardship on the client."); GRPC Rule 1.7 (a) ("A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will

who serves as both a witness and an advocate in the same proceeding "becomes more easily impeachable for interest and thus may be a less effective witness" and "is in the unseemly and ineffective position of arguing his [or her] own credibility."[10]

As shown above, in this case, Clark did not testify as a witness during the hearing on the motion for an out-of-time appeal. Instead, Tarleton, another appellate attorney with the GPDC, represented the Appellant during the hearing. Tarleton conceded that the notice of appeal had not been timely filed and argued that it could have been Clark, an employee, a postal worker, or the court clerk who was at fault. Regardless who else may have been at fault, however, a disputed, material issue of fact still remained, i.e., whether the Appellant slept on his appellate rights and contributed to the failure to timely file the notice.

---

materially and adversely affect the representation of the client," except under certain circumstances.); Comment 2 to GRPC Rule 1.7 ("Loyalty to a client is impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other competing responsibilities or interests."); Comment 6 to GRPC Rule 1.7 ("If the propriety of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client objective advice.").

[10] *Castell v. Kemp*, 254 Ga. 556, 557 (331 SE2d 528) (1985); see *Mobley v. State*, 265 Ga. 292, 299 (18) (b) (455 SE2d 61) (1995) (When counsel also serve as witnesses, they "are forced into ethical conflicts, their credibility is improperly placed in issue, and advocacy roles are impaired.").

Although the Appellant testified on that issue during the hearing, there appears to be a critical conflict between his testimony and Clark's statements in the motion for an out-of-time appeal. As shown above, the Appellant testified that he called Clark's office in mid-December 2016 and left a voicemail message telling Clark that no notice of appeal had been filed in his case. In contrast, in the motion for an out-of-time appeal, Clark specifically stated that he did not learn that a notice of appeal had not been filed until the State moved to enforce the Appellant's sentence on February 20, 2017.[11] In fact, in the motion, Clark did not refer to *any* phone calls or messages he received from the Appellant during the time period between the court's denial of the motion for a new trial in November 2016 and March 2, 2017, when he filed the motion.[12]

---

[11] Although there was not an affidavit attached to the motion for an out-of-time appeal, Clark did sign the motion as the Appellant's attorney. Thus, the statements therein could be considered admissions in judicio to which Clark and the Appellant are bound unless and until the statements are retracted. See OCGA § 24-14-26 (a) ("Conclusive presumptions of law are termed estoppels; averments to the contrary of such presumptions shall not be allowed."); (b) (7) ("Estoppels include presumptions in favor of [s]olemn admissions made in judicio[.]"); *State v. Wood*, 338 Ga. App. 181, 188 (4) (790 SE2d 84) (2016) ("[A] defendant in a criminal proceeding may make judicial admissions in his pleadings, motions, and briefs, and . . . such admissions bind the defendant.") (citations omitted).

[12] The record also shows that, in addition to filing the motion for an out-of-time appeal, Clark sent a letter to the judge on March 22, 2017, claiming responsibility for

9

Given these apparent conflicts, Clark is a necessary witness on the "critical and disputed matter"[13] at the center of this case, i.e., whether the Appellant contributed to the failure to timely file the notice of appeal. As stated in Comment 5 to Rule 3.7 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d) ("GRPC"), "if there is likely to be substantial conflict between the testimony of the client and that of the lawyer or a member of the lawyer's firm, [counsel's] representation is improper."

---

the failure to file a timely notice of appeal. As with the motion, Clark's letter said that he had just learned that no notice of appeal had been filed. Similarly, Clark's letter never mentioned that he had received any phone calls or messages from the Appellant about the notice of appeal.

We note that we are not ruling that the letter is competent evidence to prove the statements therein, but consider it only to the extent that it supports a finding that a conflict exists between the Appellant's testimony and Clark's version of events.

[13] See *Clough v. Richelo*, 274 Ga. App. 129, 132 (1) (616 SE2d 888) (2005) (A lawyer is a necessary witness where "the lawyer's testimony is relevant to disputed, material questions of fact and [where] there is no other evidence available to prove those facts.") (citations and footnote omitted); see also *Martin*, 298 Ga. at 271 (2) (b) (The Supreme Court ruled that the disqualification of the Appellant's lawyers was appropriate when the disputed issue involved a judge's statement and the credibility of the lawyers as witnesses was to be compared to the testimony of that judge. The Court also ruled, however, that "[a] lawyer is more likely to be allowed to testify and remain as an advocate where the need for his or her testimony is unexpected or occurs when a change in counsel would be disruptive to the proceedings. A lawyer is also more likely to be allowed to serve as a witness and an advocate where his or her testimony concerns collateral matters heard outside the main trial, such as rebuttal testimony regarding a deal allegedly made by a prosecutor.") (citations omitted).

10

Consequently, Clark should have been disqualified from representing the Appellant once his ineffective assistance was asserted as the basis for the motion for an out-of-time appeal.

2. It also appears that Tarleton was not authorized to represent the Appellant during the hearing on the motion for an out-of-time appeal. The record clearly shows that Clark and Tarleton are both employed by the Appellate Division of the GPDC and work out of the same office. Further, the fact that Tarleton did not call Clark as a witness to testify on the ineffective assistance claim during the motion hearing suggests that a conflict of interest may have existed between Tarleton's loyalty to his client, the Appellant, and his office colleague, Clark.

"Regardless of whether an attorney has been appointed to act for the client or retained by the client, the client is entitled to fidelity from the attorney and every member of the attorney's law firm."[14] GRPC Rule 1.10 (a) states that, "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule[ ]

_____

[14] *Ryan*, 261 Ga. at 662.

1.7: Conflict of Interest[.]"[15] The Supreme Court of Georgia has construed this rule as follows: "Under a plain reading of Rule 1.10 (a) and the comments thereto, circuit public defenders working in the circuit public defender office of the same judicial circuit are akin to lawyers working in the same unit of a legal services organization and each judicial circuit's public defender's office is a 'firm' as the term is used in the rule."[16] Therefore, if a public defender has an impermissible conflict of interest, then that conflict is imputed to all of the public defenders in the same office.[17]

As stated above, because an attorney cannot reasonably be expected to assert or argue his own ineffectiveness,

> [l]ikewise, it would not be reasonable to expect one member of a law firm to assert the ineffectiveness of another member[. Thus,] attorneys in a public defender's office are to be treated as members of a law firm for the purposes of raising claims of ineffective assistance of counsel. As such[,] different attorneys from the same public defender's office are

---

[15] See footnote 9, supra; see also Comment 5 to GRPC Rule 3.7 ("If a lawyer who is a member of a firm may not act as both advocate and witness by reason of conflict of interest, Rule 1.10: Imputed Disqualification disqualifies the firm also.").

[16] *In re Formal Advisory Opinion 10-1*, 293 Ga. 397, 398 (1) (744 SE2d 798) (2013) (citations and footnote omitted).

[17] See id. at 399.

not to be considered "new" counsel for the purpose of raising ineffective assistance claims[.][18]

It necessarily follows that Tarleton should have been disqualified from representing the Appellant once the motion for an out-of-time appeal was filed in the trial court.

3. Consequently, we vacate the trial court's order denying the motion for an out-of-time appeal and remand this case to the trial court with direction to appoint a conflict-free counsel for the Appellant. The trial court shall then conduct a new hearing on the Appellant's motion for an out-of-time appeal in order to determine who was at fault for failing to timely file the notice of appeal.[19] If the court grants the motion for an out-of-time appeal, the Appellant will have 30 days to file an appeal from the denial of his motion for new trial.[20] Alternatively, if the motion is denied, the

---

[18] *Ryan*, 261 Ga. at 662 (citation omitted); see *Kennebrew v. State*, 267 Ga. 400, 402 (2) (480 SE2d 1) (1996) ("[C]ounsel, whether retained or appointed, cannot reasonably be expected to assert a claim of ineffective assistance of counsel against himself *or* any member of his firm or office[.]") (citation omitted; emphasis in original); see also *Garland*, 283 Ga. at 202 ("Effective counsel is counsel free from conflicts of interest.") (citation omitted).

[19] See *Kennebrew*, 267 Ga. at 402 (2).

[20] See OCGA § 5-6-38 (a); *Rowland v. State*, 264 Ga. 872, 876 (2) (452 SE2d 756) (1995).

Appellant will have 30 days to file an appeal from the denial of his motion for an out-of-time appeal.[21]

*Judgment vacated, and case remanded with direction. Miller, P. J., and Doyle, P. J., concur.*

---

[21] See *Rowland*, 264 Ga. at 876 (2).