**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 14, 2022**

# In the Court of Appeals of Georgia

A21A1238. BAKER v. THE STATE.

PIPKIN, Judge.

Robb Baker appeals from the denial of his motion for an out-of-time appeal. For the reasons that follow, we reverse.

The record shows that on February 5, 2020, Baker was convicted of battery (family violence), and the trial court sentenced him to 12 months, with 60 days to be served in confinement and the remainder on probation. At the time of trial, Baker was represented by Peter Zeliff, who initially continued to represent Baker after the trial. On March 2, 2020, while still represented by Zeliff, Baker filed a pro se motion for new trial. Zeliff later withdrew, and on March 11, 2020, Baker's new attorney, Philip Pilgrim, Jr., filed an entry of appearance and a motion to set supersedeas bond pending appeal. On October 4, 2020, the trial court denied Baker's motion to set supersedeas bond and in

that same order deemed Baker's motion for new trial to be a legal nullity because Baker was still represented by Zeliff at the time he filed his motion. On October 14, 2020, Baker's current attorney filed a substitution of counsel and, on that same date, a motion for an out-of-time appeal on Baker's behalf. On January 6, 2021, the trial court denied Baker's motion, and Baker filed this appeal.

On appeal, Baker asserts that the trial court abused its discretion by denying his motion for an out-of-time appeal because his failure to pursue a timely appeal was due to the ineffective assistance of counsel. We review the trial court's ruling under an abuse of discretion standard. *Davis v. State*, 310 Ga. 547, 548 (2) n.4 (852 SE2d 517) (2020).

A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued. Where a defendant alleges that he was deprived of an appeal of right that he otherwise would have pursued by his counsel's constitutionally deficient performance in providing advice about or acting upon such appeal, that alleged violation is reviewed under the familiar standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). With respect to the first component of the *Strickland* standard, the defendant must show that his appeal of right was lost as a consequence of counsel's deficient performance, and the trial court must make a factual inquiry into these allegations. With respect to the second component of the *Strickland* standard, the defendant is required to demonstrate only that there is a

2

reasonable probability that, but for counsel's deficient performance, he would have timely appealed.

(Citations and punctuation omitted.) Id. at 548-549 (2).

The first question that must be answered to determine whether counsel was constitutionally ineffective for failing to file a timely notice of appeal is whether counsel "consulted" with the defendant about pursuing an appeal. *McDaniel v. State*, 311 Ga. 367, 369 (1) (857 SE2d 479) (2021). If that question is answered in the affirmative, then counsel performed deficiently only if he or she failed "to follow the defendant's express instructions with respect to an appeal." (Citation and punctuation omitted.) Id. at 370 (1).

At the hearing on Baker's motion for an out-of-time appeal, Zeliff testified that he knew "very shortly" after the trial that Baker wanted to file an appeal; however, Zeliff did not believe there was a basis for an appeal or a motion for new trial, so he referred Baker to Pilgrim because he knew that Baker would need new counsel to assess and pursue an ineffective assistance claim against him. Zeliff also testified that he recognized in hindsight that he should have withdrawn as Baker's counsel or filed a "placeholder" motion for new trial; additionally, he testified that he may have discussed with Baker before he was released from jail that Baker might file a pro se motion for new trial. In response to questioning about whether Baker gave him specific instructions about how

3

to pursue an appeal, Zeliff testified that he did not think it was incumbent upon Baker to provide specific instructions about filing an appeal and reiterated that Baker expressed a desire to appeal.

Pilgrim also testified at the hearing on the motion for an out-of-time appeal. Pilgrim said that he and Baker discussed the fact that Baker would probably be unable to retain Pilgrim until he was released from jail, which would have been outside the time frame to file a timely notice of appeal. Pilgrim told Baker he was concerned with protecting Baker's appeal rights, and he offered to provide Baker with a "standard" motion for new trial that Baker could file pro se. Pilgrim testified that he was unaware that Baker's pro se motion would be ineffective since Baker was still represented by Zeliff, and had he known about the law, he would have advised Baker either to have Zeliff withdraw or to have Zeliff file the motion for new trial on Baker's behalf. Following the hearing, the trial court denied Baker's motion based on a finding that while Baker informed his counsel that he had an interest in filing an appeal, he did not expressly instruct counsel to file an appeal.

> The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have

4

permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights.

(Citation and punctuation omitted.) *Copeland v. State*, 264 Ga. App. 905, 906 (592 SE2d 540) (2003). "An out of time appeal will not be authorized if the delay was attributable to the defendant's conduct, either alone or in concert with counsel." (Citation and punctuation omitted.) *Wright v. State*, 282 Ga. App. 582, 584 (639 SE2d 563) (2006). "In other words, ineffective assistance of counsel must be the sole reason for the failure to file the appeal." (Citation and punctuation omitted.) *Watkins v. State*, 340 Ga. App. 218, 220 (797 SE2d 144) (2017), overruled in part on other grounds, *Collier v. State*, 307 Ga. 363, 365 (1) (834 SE2d 769) (2019).

While the law is well-settled that a defendant must clearly express his desire to appeal, as opposed to merely discussing the possibility of an appeal, the transcript shows that counsel plainly understood that Baker wished to pursue an appeal. Although it is true, as the trial court found,[1] that Baker did not give counsel any specific instructions about how to pursue an appeal, as Zeliff recognized, it was incumbent upon him, as

---

[1] We are cognizant of the fact that the trial court's factual findings on ineffectiveness claims are viewed under a clearly erroneous standard. See *Powell v. State*, 309 Ga. 523, 526 (2) (847 SE2d 338) (2018).

Baker's attorney, to take the appropriate steps to protect Baker's right to appeal once Baker made his desire to appeal known. However, instead of acting to protect Baker's appellate rights, Zeliff referred Baker to another attorney to review the case but did not withdraw as Baker's counsel. Baker in fact followed Zeliff's advice and contacted another attorney and then followed that attorney's advice to file a pro se motion for new trial to protect his rights. However, because Zeliff had not withdrawn, that motion was deemed a nullity, doing nothing to protect Baker's rights, a fact that Baker would not have been aware of but that counsel should have known. In sum, Baker informed his counsel he wanted to pursue an appeal and from that point on did everything he was advised to do to preserve his appellate rights. Because counsel's constitutionally deficient performance deprived Baker from an appeal of right he otherwise would have pursued and Baker was not responsible for his failure to file a timely notice of appeal, the trial court abused its discretion by denying his motion for an out-of-time appeal.

*Judgment reversed. Miller, P. J., and Hodges, J., concur.*